IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 1 4 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| CLINTON REGINALD BROWN ) | |
|    Plaintiff ) | |
| ) | |
| VS. ) | |
| ) | CIVIL ACTION NO. B-02-142 |
| ) | MOTION TO DISMISS |
| THE CITY OF HARLINGEN, ) | |
| VALLEY INTERNAT'L AIRPORT, ) | |
| COUNTY OF CAMERON, TEXAS, ) | |
| LEONEL SILVA AND ) | |
| RAMIRO MARTINEZ ) | |
|    Defendants ) | |

**DEFENDANT, CAMERON COUNTY'S RULE 12(b) MOTION TO
DISMISS PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW, CAMERON COUNTY, in this case and moves the court to dismiss Plaintiff's Original Complaint and in support would show this Court the following:

1. **Prosecutor Acts on Behalf of the State not the County.** In order to succeed against Cameron County in a Section 1983 case, plaintiff must show some deprivation of his constitutional rights resulting from some official policy, practice or procedure. A prosecutor acting within her/his prosecutorial capacity acts on behalf of the State of Texas. When acting within her/his prosecutorial capacity, a prosecutor acts independently of the county. Prosecutorial duties include, preparing, filing and participating in civil forfeiture proceedings against a

purported owner of seized property. When acting within the scope of her/his prosecutorial function during an asset forfeiture proceeding a prosecutor is not a policy maker for the county. The county is not liable under Section 1983 when a prosecutor institutes an asset forfeiture proceeding to enforce state law.

2. **Failure to State a Claim Upon Which Relief can be Granted.** Plaintiff's complaint fails to state a claim on which relief can be granted because the complaint fails to plead or present any credible evidence under Section 1981 or Section 1983, that the County was the moving force behind the alleged violations of Plaintiff's constitutional rights. Plaintiff has also failed to plead or prove that the County's actions or inactions amounted to deliberate indifference to plaintiff's constitutional rights and how this caused Plaintiff's alleged constitutional injury.

3. **Prosecutorial Absolute Immunity.** The Assistant County and District Attorney, who initiated and prosecuted the forfeiture proceedings which are the subject of this claim, enjoys absolute immunity from civil rights suits and liability from damages when acting within the scope of his prosecutorial duties. Prosecutorial duties include confiscation of property and forfeiture proceedings.

4. **Qualified Immunity.** The Assistant County and District Attorney, who initiated and prosecuted the forfeiture proceedings which are the subject of this claim, is entitled to qualified immunity from civil rights suits and liability from damages, if he acted in good faith and within the scope of his discretionary authority when plaintiff alleges the wrongful acts occurred. Plaintiff has presented no credible evidence that this defendant was engaged in conduct that violated clearly established federal rights.

5. **Lack of Jurisdiction over the Subject Matter.** The court lacks jurisdiction of this action because the complaint does not show on its face that the action arises under the Constitution, laws, or treaties of the United States of America.

6. Those matters set forth in the complaint which attempt to show jurisdiction are insufficient to show that any substantial federal question is involved, and plaintiff's complaint, alleging false imprisonment, malicious prosecution, emotional distress, mental anguish, and damage to reputation resulting from this incident, taken in its entirety, only sets forth a claim for relief and seeks a remedy under state law.

7. **Failure to Exhaust State Remedies.** Plaintiff failed to exhaust his state administrative and appellate remedies in that he failed to seek redress administratively from Cameron County by filing a claim for damages in a timely manner or at all. Plaintiff fails to make any allegation of notice in his complaint as it pertains to Cameron County. Plaintiff's remedy for allegedly being subjected to false imprisonment, malicious prosecution, emotional distress, mental anguish, and damage to reputation is providing proper notice under State Law and the filing of a suit in State Court.

8. **Venue.** The venue of this action is improper in that plaintiff does not raise a federal question under Section 1983 and any claims left in this action should be properly brought in State Court.

SUPPORTING MEMORANDUM

9. **Prosecutor Acts on Behalf of the State not the County.** In order to succeed against Cameron County in a Section 1983 case, plaintiff must show some deprivation of his constitutional rights resulting from some official policy, practice or procedure. *Monell v. Department of Social Services*, 436 U.S. 658, 690, 98 S.Ct. 2018, 2036 n. 55, 56 L.Ed.2d 611 (1978).

10. A prosecutor acting within her/his prosecutorial capacity acts on behalf of the State of Texas. *Texas Code Crim. Proc. Ann. Art. 2.01* (Vernon 1980 & Supp. 2002); *Texas Const. Art. V. Sec. 21* (Vernon 1993 & Supp. 2002). In a proceeding for the forfeiture of contraband, by definition, the "attorney representing the state" means the prosecutor with felony jurisdiction in the county were the forfeiture proceeding is held. *Texas Code Crim. Proc. Ann. Art. 59.01* (Vernon 1984 & Supp. 2002) Once a peace officer seizes property subject to forfeiture the attorney representing the state is the only one who can initiate and prosecute a forfeiture proceeding. *Texas Code Crim. Proc. Ann. Art. 59.04* (Vernon 1984 & Supp. 2002).

11. A prosecutor acts independently of the county, when acting within her/his prosecutorial capacity. The confiscation of property and subsequent forfeiture proceedings, which are civil actions filed in connection to a criminal investigation and analogous to a criminal action, also protect the prosecuting attorney with absolute immunity. *Mendenhall v. Goldsmith*, 59 F.3d 685 (7th Cir. 1995) *cert*

*denied* 516 U.S. 1011, 116 S. Ct. 568 (Dec. 1995); *Butz v. Economou*, 438 U.S. 478, 98 S. Ct. 2894 (1978).

12. The decision to prosecute lies at the core of the prosecutorial function. *McGruder v. Necaise*, 733 F.2d 1146, 1148 (5th Cir. 1984). A prosecutor is a state official when instituting asset forfeiture proceedings to enforce state law. *Echols v. Parker*, 909 F.2d 795, 801 (5th Cir. 1990); *Esteves v. Brock*, 106 F.3d 674 (5th Cir. Feb.1997) *reh. denied en banc* 114 F.3d 1185 (April 1997) *cert. denied* 522 U.S. 828, 118 S.Ct. 91 (Oct. 1997).

13. When acting within the scope of her/his prosecutorial function, including an asset forfeiture proceeding, a prosecutor is not a policy maker for the county. *Krueger v. Reimer*, 66 F. 3d 75 (5th Cir. 1995); *See Esteves supra*. Since the actions of a prosecutor in instituting forfeiture proceedings constitute state action and not county policy, the county cannot be held liable for said actions in a Section 1983 action. *See Krueger and Esteves supra.*

14. **Failure to State a Claim Upon Which Relief can be Granted.**   In order to succeed against Cameron County in a Section 1981 or Section 1983 case, plaintiff must show some deprivation of his constitutional rights resulting from some official policy, practice or procedure. *Monell v. Department of Social Services*, 436 U.S. 658, 690, 98 S. Ct. 2018, 2036 n. 55, 56 L.Ed.2d 611 (1978). Plaintiff's complaint fails to state a claim on which relief can be granted because Plaintiff's Original Complaint fails to plead or present any credible evidence under Section 1983, that the County through its deliberate conduct was the moving force behind the alleged violations of Plaintiff's constitutional rights. *Board of County*

*Commissioners of Bryant County v. Brown*, 520 U.S. 397, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997); *Evans v. City of Houston*, 246 F.3d 344, 358 (5th Cir. 2001). *See Monell supra at 694*. Plaintiff has also failed to plead or prove that the County's actions or inactions amounted to deliberate indifference to plaintiff's constitutional rights and how this caused Plaintiff's alleged constitutional injury. *City of Canton v. Harris*, 489 U.S. 378, 809 S. Ct. 1197, 103 L. Ed. 2d 412 (1989).

15. **Prosecutorial Absolute Immunity.** The Assistant County District Attorney, who initiated and prosecuted the forfeiture proceedings which are the subject of this claim, enjoys absolute immunity from civil rights suits and liability from damages when acting within the scope of his prosecutorial or advocatory duties. *Imbler v. Patchman*, 424 U.S. 409, 420, 96 S. Ct. 984, 47 L.Ed.2d. 128, 137 (1976).

16. The confiscation of property and subsequent forfeiture proceedings, which are civil actions filed in connection to a criminal investigation and analogous to a criminal action, also protect the prosecuting attorney with absolute immunity. *Mendenhall v. Goldsmith*, 59 F.3d 685 (7th Cir. 1995) *cert denied* 516 U.S. 1011, 116 S. Ct. 568 (Dec. 1995); *Butz v. Economou*, 438 U.S. 478, 98 S. Ct. 2894 (1978).

17. **Qualified Immunity.** The Assistant County District Attorney, who initiated and prosecuted the forfeiture proceedings which are the subject of this claim, is entitled to qualified immunity from civil rights suits and liability from damages, if he acted in good faith and within the scope of his discretionary

authority when plaintiff alleges the wrongful acts occurred. *Saldana v. Garza*, 684 F.2d 1159, 1163 (5th Cir. 1982); *Harlow v. Fitzgerald*, 457 U. S. 800, 102 S. Ct. 2727, 2738-39, 73 L.Ed.2d. 396 (1982).

18. Plaintiff has presented no credible evidence that the prosecuting attorney in the asset forfeiture case engaged in conduct that violated clearly established federal rights. *Chrissy F. by Medley v. Mississippi DPW*, 925 F.2d 844, 851, n. 33 (5th Cir. 1991); *Stem v Ahearn*, 908 F.2d 1, 5-6 (5th Cir. 1990) *cert. denied*, 498 U. S. 1069, 111 S. Ct. 788, 112 L.Ed.2d 850 (1991).

19. **Lack of Jurisdiction over the Subject Matter.** The court lacks jurisdiction of this action because Plaintiff's Petition does not show on its face that the action arises under the Constitution, laws, or treaties of the United States of America.

20. Those matters set forth in the complaint which attempt to show jurisdiction are insufficient to show that any substantial federal question is involved, and plaintiff's complaint, alleging false imprisonment, malicious prosecution, emotional distress, mental anguish, and damage to reputation resulting from this incident, taken in its entirety, only sets forth a claim for relief and seeks a remedy under state law. *Tarter v. Hury*, 646 F. 2d 1010, 1012 (5th Cir. 1981); *Cook v. Houston Post*, 616 F.2d 791, 794 (5th Cir. 1980).

21. **Failure to Exhaust State Remedies.** Plaintiff filed to exhaust his state administrative and appellate remedies in that he failed to seek redress administratively from Cameron County by filing a claim for damages in a timely manner or at all. Plaintiff fails to make any allegation of notice in his complaint as it pertains to Cameron County. Plaintiff's remedy for allegedly being subjected to

false imprisonment, malicious prosecution, emotional distress, mental anguish, and damage to reputation is providing proper notice under State Law and the filing of a suit in State Court. *Tarter supra* at 1012.

22. **Venue.**   The venue of this action is improper in that plaintiff does not raise a federal question under Section 1983 and any claims left in this action should be properly brought in State Court. See *Cook v. Houston Post* and *Tarter v. Hury* above.

Wherefore, Defendant Cameron County respectfully requests:

That this Defendant's motion to dismiss Plaintiff's complaint be granted;

That Plaintiff take nothing from Defendant on Plaintiff's claim;

That Defendant be awarded costs and reasonable attorney's fees herein;

That the court grant Defendant such other and further relief as the court may deem proper.

Respectfully submitted,

YOLANDA DE LEÓN
COUNTY (CRIMINAL DISTRICT) ATTORNEY

Cameron County Courthouse
974 E. Harrison Street Brownsville, Texas 78520
Phone: 956-544-0849
Fax No.: 956-544-0869

BY: _____
Francisco J. Martinez
Assistant County Attorney
Texas State Bar No. 13141900
Federal Admission No.: 17477
ATTORNEY FOR CAMERON COUNTY

8

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above motion, and proposed order has been served on all counsel of record by forwarding a copy of same according to the rules.

Francisco J. Martinez

# AFFIDAVIT

THE STATE OF TEXAS   )

COUNTY OF CAMERON   )

BEFORE ME, the undersigned, on this day personally appeared Francisco J. Martinez, known to me to be the same person whose name is subscribed below, who after being duly sworn, deposes and says:

"My name is Francisco J. Martinez, I am capable of making this affidavit. I have read the foregoing document and hereby certify that it is correct to the best of my knowledge."

AFFIANT

SUBSCRIBED AND SWORN TO BEFORE ME by the said Francisco J. Martinez on this __14TH__ day of August ___, 2002, to certify which witness my hand and seal of office.

Notary Public in and for the
State of Texas
Printed Name: Diana S. Garcia

My Commission Expires: _____

