IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 0 6 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| CLINTON REGINALD BROWN, § | |
| Plaintiff § | |
| vs. § | Civil Action No. B-02-142 |
| § | JURY DEMAND |
| § | |
| THE CITY OF HARLINGEN, VALLEY § | |
| INTERNATIONAL AIRPORT, § | |
| CAMERON COUNTY, TEXAS, § | |
| LEONEL SILVA AND § | |
| RAMIRO MARTINEZ § | |
| Defendants § | |

**PLAINTIFF'S RESPONSE TO
DEFENDANT, CAMERON COUNTY'S MOTIONS TO DISMISS**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff Clinton Reginald Brown and subject to his Motion to Extend Time to Respond to Defendant, Cameron County's Motions to Dismiss, he files this Response to Defendant, Cameron County's Motion to Dismiss, and in support thereof, Plaintiff respectfully offers the following:

**I.
Objections to Defendant's Rule 12(b) Motion**

Plaintiff objects to Defendant's Rule 12(b) motion to the extent that it assumes that Plaintiff is required to provide evidence in its initial filing. Each of Defendant's grounds for dismissal attacks Plaintiff's Original Complaint for failing "present credible evidence" in support of its causes of action. Plaintiff would show that it is not required to "present credible evidence" when it files its Original Complaint. Further, the County's request dismissal on evidentiary grounds is not appropriate in a Rule 12(b) motion, which is supposed to be confined to the pleadings. Thus, Plaintiff objects to the Rule 12(b) motion on this basis.

## II.
## Background

Plaintiff has brought suit against Cameron County, among others, based on their participation in the wrongful confiscation and wrongful forfeiture perpetrated on the Plaintiff. Specifically as to Cameron County, Plaintiff incorporates Paragraphs 5.01 - 5.07 of his Original Complaint, which sets forth each constitutional cause of action against the County, and which can be summarized as follows:

1. The County's failure to train or adequately train its district attorneys in the evaluation and prosecution of forfeiture proceedings.
2. The County's failure to properly supervise the district attorneys who handle forfeiture proceedings.
3. The County's failure to implement policies that prevent malicious prosecution of baseless forfeiture proceedings.
4. Through the District Attorneys office, and through the County's agents or representatives, the County's participation and/or ratification of the baseless forfeiture proceedings against the Plaintiff in violation of 42 U.S.C. §§ 1981, 1983 and 1985(3).
5. Through the District Attorneys office, and through the County's agents or representatives, the County's participation in a conspiracy with the City of Harlingen to deprive Plaintiff of his property by initiating and/or ratifying the baseless forfeiture proceedings.
6. The County's customs, practices and policies which served as the moving force to violate Plaintiff's federal and state constitutional rights, such customs, practices and policies being ratified and/or approved by the policymakers of the County.

## III.
## Plaintiff's Claims Against the County Sufficiently Plead Liability
## Based on An Agency Relationship and Based on the County's Own Conduct

The forfeiture proceedings brought against Plaintiff were brought pursuant to Texas Code of Criminal Procedure Article 59. This forfeiture statute contemplates that local law enforcement agencies, district attorneys offices and counties enter into inter-local agreements in determining the distribution of any property forfeited under said statute. Texas Code of Criminal Procedure §59.06(a)-(o). This statute clearly establishes that counties, such as Cameron County in this instance, have the right and/or ability to contract with law enforcement agencies and district attorneys offices, in regards to such forfeiture proceedings.

## IV.

Plaintiff would also show that the Cameron County Auditor's Office took possession of Plaintiff's improperly confiscated proceeds and held the proceeds in deposit during the pendency of the litigation. This fact is established in the District Attorneys Office's Response to Defendant's Written Interrogatory No. 19, which stated as follows:

**"WRITTEN INTERROGATORY NO. 19"**

"Please identify in whose custody the subject property currently rests, and please provide the identity of all persons or entities that have been involved in the chain of custody of the subject property since its seizure at the Airport."

**"ANSWER: Seized by Leo Silva, delivered to evidence custodian at the Harlingen Police Department, then turned over to Leo Silva who had the money recounted and a cashier's check issued for the amount of $18,110.00.** *The check was then turned over to the Cameron County, Auditor's Office."* (Emphasis Added).

## V.

This interrogatory response, which is attached hereto as Exhibit "1" and incorporated herein for all purposes, demonstrates that there is either a formal or an informal agreement between the Cameron County District Attorneys Office and Cameron County in regards to the handling of forfeiture proceedings, and in the distribution of forfeited property. While Plaintiff is currently not privy to the details of said agreement, the above-referenced discovery response clearly shows that an agreement exists whereby it is the custom and practice of the district attorneys office to provide confiscated proceeds to County bank accounts administered by the County auditor's office. This activity, in and of itself, shows that in the context of Article 59 forfeiture proceedings, the Cameron County District Attorneys office is acting in a manner which is designed to benefit the County. Such conduct certainly gives rise to a claim of an agency relationship as between Cameron County and the Cameron County District Attorneys Office, which Plaintiff's Original Complaint alleges. Thus, the allegations brought by Plaintiff sufficiently plead an agency relationship between the County

and the district attorneys office.

## VI.

Further, because the County exercised control over the confiscated proceeds through its agents in the County Auditor's office, such conduct may be construed as a ratification, consent or approval of the wrongful acts of the district attorneys office and/or the City of Harlingen, irrespective of whether an agency relationship can be shown to exist between these various entities. Plaintiff's Original Complaint clearly sets forth causes of action against the County resulting from its ratification and/or participation in the wrongful forfeiture acts of the district attorneys office and the City of Harlingen. (See Paragraphs 5.03, 5.04 and 5.05 of Plaintiff's Original Complaint). Thus, even if an agency relationship is not shown to exist between the district attorneys office and the County, Plaintiff has set forth a claims against the County for its acts associated with the wrongful forfeiture proceedings.

## VII.
**Plaintiff has Plead the County's Role as a Moving Force Behind the Violations**

One of the County's Rule 12(b) attacks on the Plaintiff's Original Complaint is that the Plaintiff failed "to plead or present any credible evidence under Section 1981 or Section 1983, that the County was the moving force behind the alleged violations of Plaintiff's constitutional rights." In response, Plaintiff would refer this Court to Paragraph 5.0 which states as follows:

> "5.06 The County's customs, practices and policies described above served as the moving force behind the constitutional and statutory violations and amounted to deliberate indifference to the Plaintiff's aforementioned constitutional and federal statutory rights."

Clearly, this provision references each of the violations alleged against the County in Paragraphs 5.01-5.05 of its Complaint, which in turn, relate to Plaintiff's Section 1981 and 1983 claims against the County. The County's argument that Plaintiff failed to plead this matter should be rejected.

## VIII.

Additionally, the County's arguments regarding Plaintiff's failure to present any credible evidence should be disregarded because the Plaintiff is not obligated to present evidence of an issue when it files its Original Complaint.

### IX.

The County further seeks a Rule 12(b) ruling on the basis that the Plaintiff failed to plead and prove that the County's actions or inactions amounted to a deliberate indifference to the Plaintiff's constitutional rights. A reading of Plaintiff's Original Complaint Paragraphs 5.02(a)-(d) provides specific factual grounds supporting Plaintiff's allegation that the County's conduct set forth therein amounted to a deliberate indifference. Further, Plaintiff would show that the County's suggestion that Plaintiff be required to prove this allegation at the time he filed his original complaint should be rejected.

### X.
### Defendant's Arguments Regarding the Alleged Immunity of the Prosecuting Attorney Are Irrelevant

Defendant would show that the County seeks dismissal of this cause on the basis that the prosecuting attorney in the underlying forfeiture proceeding purportedly has partial or total immunity. These arguments are irrelevant because that prosecuting attorney, Robert Moore, is not a Defendant in this lawsuit. Whether or not he would be entitled to qualified or absolute immunity is simply of no import and should not be used by the County as a basis to dismiss this action. Plaintiff requests that this Court reject this argument.

### XI.
### Plaintiff Has Specifically Plead the Federal Statutes That Provide This Court with Federal Question Jurisdiction

The County further seeks dismissal on the basis that Plaintiff has not invoked federal question jurisdiction. Plaintiff would show that he has specifically plead the following federal

statutes as a basis for federal question jurisdiction: 42 U.S.C. §§ 1983, 1981 and 1985. These statutes are clearly federal in nature. Further, Plaintiff has specifically plead facts which form the basis of its Section 1983, 1981 and 1985 claims against the County. Plaintiff refers and incorporates for the purpose of this instrument, each of the allegations set forth in Paragraphs 3.01 -3.54 and Paragraphs 5.01 -5.07 of Plaintiff's Original Complaint. The County's arguments to the contrary have no merit and should be rejected.

XII.

Plaintiff Was Under No Obligation to Exhaust Any Purported Administrative Remedies

Another basis for which the County seeks dismissal is that Plaintiff purportedly failed to exhaust state or administrative remedies. The County wholly fails to identify which administrative remedies, if any, Plaintiff failed to exhaust. Futher, Plaintiff's federal claims do not require exhaustion of administrative remedies. Thus, the County's request for dismissal on these grounds is premature, overly vague and should be disregarded.

XIII.
Venue Is Proper As Federal Question Jurisdiction Has Been Invoked

The County completely ignores Plaintiff's federally based claims in seeking dismissal on venue grounds. Firstly, Plaintiff would show that he has specifically plead the following federal statutes as a basis for federal question jurisdiction: 42 U.S.C. §§ 1983, 1981 and 1985. Secondly, Plaintiff has asserted numerous specific acts which form the basis of his federal statutory claims. See Paragraphs 3.01-3.54 and 5.01-5.07 of Plaintiff's Original Complaint. In light of the Plaintiff's pleadings, the County's arguments that venue of this Court has not been properly invoked is without merit and should be disregarded.

## XIV.
## Conclusion

Based on the foregoing, Plaintiff requests Defendant, Cameron County's Motion to Dismiss be denied.

Respectfully submitted,

LAW OFFICES OF DANIEL G. RIOS, P.C.
323 Nolana Loop
McAllen, Texas 78504
Telephone: (956) 631-1615
Facsimile: (956) 682-0566

By: _____
DANIEL G. RIOS
State Bar No. 00784844
Federal Admission No. 17290
ATTORNEY-IN-CHARGE FOR PLAINTIFF

## CERTIFICATE OF SERVICE

On this 5th day of September, 2002, I, Daniel G. Rios certify that a copy of the foregoing instrument has been served on all counsel of record by certified mail return receipt requested.

_____
Daniel G. Rios

# EXHIBIT 1

CAUSE NO. <u>2000-08-3136-A</u>

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| v. | § | CAMERON COUNTY, TEXAS |
| | § | |
| CLINTON REGINALD BROWN | § | 107TH JUDICIAL DISTRICT |

**STATE'S RESPONSE TO DEFENDANT'S**
**FIRST SET OF WRITTEN INTERROGATORIES**

TO: Clinton Reginald Brown by and through his attorney of record Daniel G. Rios at 323 Nolana Loop, McAllen, Texas 78504.

STATE OF TEXAS makes these Responses to the First Set of Written Interrogatories, served by Clinton Reginald Brown, on the 18th day of December 2000.

**WRITTEN INTERROGATORY NO. 1**

Please identify all person who assisted in responding to these discovery requests.

**ANSWER: Leonel Silva, Harlingen Police Department.**

**WRITTEN INTERROGATORY NO. 2**

Please identify all law enforcement personnel who conducted any investigation or interrogation of the Defendant in connection with this lawsuit. Please include the address and law enforcement agency with which each person is affiliated.

**ANSWER: Leonel Silva, Harlingen Police Department,**
**Ramiro Martinez, Harlingen Police Department**

**WRITTEN INTERROGATORY NO. 3**

Please identify the date on which Plaintiff's investigation of the Defendant commenced in connection with any alleged criminal activity related to this lawsuit.

**ANSWER: July 27, 2000.**

**WRITTEN INTERROGATORY NO. 4**

Identify all law enforcement agencies that intend to file criminal charges against the Defendant regarding any conduct occurring before, after or on July 27, 2000.

**ANSWER: Objection, we do not know the intent of all law enforcement agencies.**

**WRITTEN INTERROGATORY NO. 5**

Please identify each and every procedural or policy manual in effect for officers of the Harlingen Police Department on July 27, 2000.

**ANSWER: Harlingen Police Department rules and policies manual.**

**WRITTEN INTERROGATORY NO. 6**

Identify all facts and documents which lead Harlingen Police Department to believe that Defendant committed any Texas felony drug trafficking offenses.

**ANSWER: Plaintiff objects to the interrogatory insofar as it seeks a full and complete and lengthy rendition of each and every fact and document which Plaintiff may assert in this case. However, subject to said objection, please refer to Plaintiff's petition in this case and to the July 28, 2000 written report of Leonel Silva.**

**WRITTEN INTERROGATORY NO. 7**

Please identify all witnesses who you claim observed any conduct on the part of the Defendant, which supports your contention that the property subject to this suit constitutes contraband as defined under Article 59.01(2) of the Texas Code of Criminal Procedure.

**ANSWER: Leonel Silva and Ramiro Martinez.**

**WRITTEN INTERROGATORY NO. 8**

Please identify the magistrate who issued the search warrant issued in connection with the seizure of the subject property.

**ANSWER: Sallie Gonzalez**

2

**WRITTEN INTERROGATORY NO. 9**

Please identify the date and time at which the search warrant was issued in connection with the seizure of the subject property.

**ANSWER: July 27, 2000 at 2:55 p.m.**

**WRITTEN INTERROGATORY NO. 10**

Identify the conduct of the Defendant and the factual basis which you claim supports your contention set forth in Paragraph IV of Plaintiff's Original Petition that the subject property was used or intended to be used in the commission of a felony or felonies under Chapter 481, Health and Safety Code or in the alternative.

**ANSWER: Please refer to the July 28, 2000 written report of Leonel Silva.**

**WRITTEN INTERROGATORY NO. 11**

Identify the conduct of the Defendant and the factual basis which you claim supports your contention that the subject property constitutes proceeds or was acquired with proceeds gained from the commission of a felony or felonies under Chapter 481, Health and Safety Code.

**ANSWER: Please refer to the July 28, 2000 written report of Leonel Silva.**

**WRITTEN INTERROGATORY NO. 12**

Identify all persons who you alleged have witnessed the Defendant commit any acts which you claim constitute felony violations of Chapter 481, Health and Safety Code.

**ANSWER: None, other that the two officers at the airport.**

**WRITTEN INTERROGATORY NO. 13**

Identify which specific provision of Chapter 481, Health and Safety Code, which you claim, Defendant violated in connection with this case.

**ANSWER: Unable to do so as Defendant refuses to disclose it.**

3

**WRITTEN INTERROGATORY NO. 14**

Describe the factual basis you claim supports a contention that there is a connection between the subject property and any felony violations of Chapter 481, Health and Safety Code.

**ANSWER: Please refer to the July 28, 2000 written report of Leonel Silva.**

**WRITTEN INTERROGATORY NO. 15**

Describe all acts of the Defendant, which led officers of the Harlingen Police Department to initiate the initial interrogation of the Defendant.

**ANSWER: Defendant was not interrogated. He was questioned during a consensual interview because he got off a plane, and immediately walked to the taxicab area, which indicated he was not from the area.**

**WRITTEN INTERROGATORY NO. 16**

Identify the facts that you claim support any contention that Defendant has violated any felony offense identified in Chapter 481 of the Texas Health and Safety Code.

**ANSWER: Please refer to the July 28, 2000 written report of Leonel Silva.**

**WRITTEN INTERROGATORY NO. 17**

Identify any and all convictions of the Defendant, if any, that your criminal history search revealed. Include the arrest date, disposition dates, the offense type and the nature of the disposition.

**ANSWER: None we are aware of at this time.**

**WRITTEN INTERROGATORY NO. 18**

If you did not admit to Requests for Admissions 179, 180 or 181, please provide all the factual and legal bases to deny Requests for Admissions 179, 180, 181.

**ANSWER: Plaintiff objects to the interrogatory insofar as it seeks a full and complete and lengthy rendition of each and every fact which Plaintiff may assert in this case. However, subject to said objection, please refer to Plaintiff's petition in this case and to the July 28, 2000 written report of Leonel Silva.**

4

**WRITTEN INTERROGATORY NO. 19**

Please identify in whose custody the subject property currently rests, and please provide the identity of all persons and entities that have been involved in the chain of custody of the subject property since its seizure at the Airport.

**ANSWER: Seized by Leo Silva, delivered to evidence custodian at the Harlingen Police Department, then turned over to Leo Silva who had the money recounted and a cashier's check issued for the amount of $18,110.00. The check was then turned over to the Cameron County Auditor's Office.**

Respectfully submitted,

CAMERON COUNTY ATTORNEY
YOLANDA DE LEÒN

Cameron County Courthouse
974 E. Harrison Street
Brownsville, Texas 78520
Telephone: 956/544-0849
Fax: 956/544-0869

BY: _____
Robert H. Moore
Assistant District Attorney
Texas State Bar No. 14370120
ATTORNEYS FOR THE STATE OF TEXAS

5

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was sent on the  16th  day of  JANUARY           , 2001 by regular U. S. mail, by facsimile or by certified mail, return receipt requested to the following parties or attorneys of record:

Daniel G. Rios
Attorney at Law
323 Nolana Loop
McAllen, Texas 78504

_____
Robert H. Moore
Assistant District Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CLINTON REGINALD BROWN,<br>　　　Plaintiff<br>vs.<br><br>THE CITY OF HARLINGEN, VALLEY<br>INTERNATIONAL AIRPORT,<br>CAMERON COUNTY, TEXAS,<br>LEONEL SILVA AND<br>RAMIRO MARTINEZ<br>　　　Defendants | § § § § § § § § § § § § | Civil Action No. B-02-142<br>JURY DEMAND |

### Affidavit

On this **5th** day of **September**, 2002, came before me, Daniel G. Rios, who upon his oath deposed and stated as follows:

"My name is Daniel G. Rios. I am the attorney of record in the above-captioned claim. I am familiar with the case styled State of Texas vs. Clinton Reginald Brown, Cause No. 2000-08-3136-A, 107th Judicial District, Hidalgo County, Texas. The copy of the State's Response to Defendant's First Set of Written Interrogatories, which is attached to Plaintiff's Response to Defendant, Cameron County's Motion to Dismiss, is a true and correct copy of the document it purports to be."

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　Daniel G. Rios

Hidalgo County
State of Texas


Sworn to and subscribed before me, a duly authorized notary public, by Daniel G. Rios, on this **5th** day of **September**, 2002.

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　Notary Public, State of Texas

MELISSA RIVERA
Notary Public, State of Texas
My Commission Expires
04-11-2006