IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 1 0 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| CLINTON R. BROWN | § | |
|     Plaintiff | § | |
| VS | § | C.A. NO. B-02-142 |
| | § | |
| CITY OF HARLINGEN, TEXAS | § | |
| VALLEY INT'L AIRPORT | § | |
| LEONEL SILVA & | § | |
| RAMIRO MARTINEZ, ET. AL. | § | |
|     Defendants | § | |

### CITY DEFENDANTS' FIRST AMENDED ANSWER
### TO PLAINTIFF'S ORIGINAL COMPLAINT

May it Please the Court:

NOW COMES DEFENDANTS, the CITY OF HARLINGEN, TEXAS (including VALLEY INTERNATIONAL AIRPORT)[1], LEONEL SILVA and RAMIRO MARTINEZ, Individually and Officially, (hereafter "CITY DEFENDANTS") and file this Original Answer to Plaintiff's Original Complaint in accordance with the Federal Rules of Civil Procedure.

### ADMISSIONS AND DENIALS

1. With regards to ¶¶1.01 through 1.05 of Plaintiff's Original Complaint (hereafter "Complaint"), no Rule 8 response is necessary.

2. With regard to ¶2.01 of Plaintiff's Complaint, CITY DEFENDANTS admit that the Court has subject matter jurisdiction over the allegations as pleaded.

---

[1] Valley International Airport (hereafter "VIA") is a department of the CITY OF HARLINGEN and is not a separate juridical entity. Consequently, any and all references to the CITY OF HARLINGEN necessarily include VIA as an agency of the CITY.

City Defendants' First Amended Answer                                                        Page 1

3. With regard to ¶3.01 of Plaintiff's Complaint, CITY DEFENDANTS admit that the incident made the basis of this lawsuit occurred on or about July 27, 2000.

4. With regard to ¶¶3.02 through 3.04 of Plaintiff's Original Complaint, CITY DEFENDANTS do not have sufficient information at this time to admit or deny the veracity of the material factual allegations contained in those paragraphs, therefore denied.

5. With regard to ¶¶3.05 through 3.11 of Plaintiff's Complaint, CITY DEFENDANTS deny all material factual allegations contained in those paragraphs.

6. With regard to ¶¶3.12 through 3.13 of Plaintiff's Complaint, CITY DEFENDANTS do not have sufficient information at this time to admit or deny the veracity of the material factual allegations contained in those paragraphs, therefore denied.

7. With regard to ¶3.14 of Plaintiff's Complaint, CITY DEFENDANTS deny all material factual allegations contained in that paragraph.

8. With regard to ¶¶3.15 through 3.16 of Plaintiff's Complaint, CITY DEFENDANTS do not have sufficient information at this time to admit or deny the veracity of the material factual allegations contained in those paragraphs, therefore denied.

9. With regard to ¶3.17 of Plaintiff's Complaint, CITY DEFENDANTS deny the search warrant was invalid. Further, CITY DEFENDANTS do not have sufficient information at this time to admit or deny the veracity of the remaining material factual allegations contained in that paragraph, therefore denied.

10. With regard to ¶¶3.18 through 3.19 of Plaintiff's Complaint, CITY DEFENDANTS deny all material factual allegations contained in those paragraphs.

11. With regard to ¶3.20 of Plaintiff's Complaint, CITY DEFENDANTS do not have sufficient information at this time to

admit or deny the veracity of the material factual allegations contained in that paragraph, therefore denied.

12. With regard to ¶¶3.21 through 3.23 of Plaintiff's Complaint, CITY DEFENDANTS deny all material factual allegations contained in that paragraph.

13. With regard to ¶¶3.24 through 3.25 of Plaintiff's Complaint, CITY DEFENDANTS do not have sufficient information to either admit or deny the veracity of the material factual allegations contained in those paragraphs, therefore denied.

14. With regard to ¶3.26 of Plaintiff's Complaint, CITY DEFENDANTS deny that Plaintiff was denied any of his civil liberties.

15. With regard to ¶3.27 of Plaintiff's Complaint, CITY DEFENDANTS deny all material factual allegations contained in that paragraph.

16. With regard to ¶¶3.28 through 3.45 of Plaintiff's Complaint, CITY DEFENDANTS do not have sufficient information to either admit or deny the veracity of the material factual allegations contained in those paragraphs, therefore denied.

17. With regard to ¶3.46 of Plaintiff's Complaint, CITY DEFENDANTS deny all material factual allegations contained in that paragraph.

18. With regard to ¶3.47 of Plaintiff's Complaint, CITY DEFENDANTS deny they committed any wrongful or illegal acts, that Plaintiff's property was confiscated without probable cause based on an invalid search warrant and that they conspired to deprive Plaintiff of his property. As to the remaining allegations in the paragraph, CITY DEFENDANTS do not have sufficient information to either admit or deny the veracity of the material factual allegations contained in that paragraph, therefore denied.

19. With regard to ¶3.48 of Plaintiff's Complaint, CITY DEFENDANTS do not have sufficient information to either admit or deny the veracity of the material factual allegations contained in those paragraphs, therefore denied.

20. With regard to ¶¶3.49 through 3.54 of Plaintiff's Complaint, CITY DEFENDANTS deny all material factual allegations contained in those paragraphs.

21. With regard to ¶4.01 of Plaintiff's Complaint, no rule 8 response is necessary.

22. With regard to ¶¶4.02 through 4.07 of Plaintiff's Complaint, CITY DEFENDANTS deny all material factual allegations contained in those paragraphs.

23. With regard to ¶5.01 of Plaintiff's Complaint, no rule 8 response is necessary.

24. With regard to ¶¶5.02 through 5.07 of Plaintiff's Complaint, CITY DEFENDANTS do not have sufficient information to admit or deny the veracity of the material factual allegations contained in those paragraphs, therefore denied.

25. With regard to ¶6.01 of Plaintiff's Complaint, CITY DEFENDANTS no rule 8 response is necessary.

26. With regard to ¶¶6.02 thorough 6.03 of Plaintiff's Complaint, CITY DEFENDANTS deny all material factual allegations contained in those paragraphs.

27. With regard to ¶7.01 of Plaintiff's Complaint, CITY DEFENDANTS no rule 8 response is necessary.

28. With regard to ¶¶7.02 through 7.03 of Plaintiff's Complaint, CITY DEFENDANTS deny all material factual allegations contained in those paragraphs.

29. With regard to ¶8.01 of Plaintiff's Complaint, no rule 8 response is necessary.

30. With regard to ¶¶8.02 through 8.05 of Plaintiff's Complaint, CITY DEFENDANTS deny all material factual allegations contained in those paragraphs.

## GENERAL DENIAL

31. CITY DEFENDANTS hereby general deny each and every material allegation contained Plaintiff's Original Complaint that is not specifically admitted above and demand that Plaintiff to prove his allegations by a preponderance of the evidence.

## AFFIRMATIVE DEFENSES

### Government Immunity

32. CITY DEFENDANTS hereby assert the affirmative defense of sovereign immunity from any and all state, federal or common law causes of action asserted by Plaintiff to the fullest extent allowed by law.

### Statutory Caps

33. CITY DEFENDANTS hereby assert and plead as a defense their entitlement to any and all limitations on liability from state law based claims recognized under Texas law.

### Qualified and Official Immunity

34. CITY DEFENDANTS, and in particular DEFENDANTS SILVA and MARTINEZ, hereby assert the affirmative defense of qualified immunity from any and all federally based claims, and official immunity from any and all state based claims, to the fullest extent allowed by law for each of the individually named defendants.

### Notice Requirements

35. CITY DEFENDANTS hereby plead as a defense, Plaintiff's failure to meet any applicable notice or filing requirements imposed by law as a precondition to the court's exercise of

jurisdiction over this matter and the imposition of any liability.

**CONCLUSION AND PRAYER**

Therefore, based on any one or more of the foregoing reasons, CITY DEFENDANTS request that the Court deny Plaintiff's claims for relief in their entirety and dismiss this lawsuit with prejudice.

CITY DEFENDANTS further pray for and hereby request other additional relief at law or in equity to which he may be entitled including costs of court and attorneys fees, if appropriate.

Signed this 10th day of September, 2002.

Regardfully Submitted,

**DENTON, NAVARRO & BERNAL**
A Professional Corporation
Bank of America Building
222 E. Van Buren, Suite 405
Harlingen, Texas 78550
956/421-4904
956/421-3621 (Fax)

By: _____
RICARDO J. NAVARRO
Attorney In Charge
State Bar No. 14829100
So. Dist. ID No. 5953
BRADLEY W. SHIELDS
State Bar No. 24007960
So. Dist. ID No. 30797

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this document has been sent by Regular U. S. Mail, postage prepaid, unless otherwise indicated, to the person(s) listed below on this 10th day of September, 2002.

Daniel G. Rios                              **By CMRRR: 7002 1000 0004 8591 1406**
LAW OFFICES OF DANIEL G. RIOS, P.C.
323 Nolana Loop
McAllen, Texas 78504
COUNSEL FOR PLAINTIFF

Francisco Rios
Assistant County Attorney
Cameron County Courthouse
974 East Harrison Street
Brownsville, Texas 78520
COUNSEL FOR CAMERON COUNTY

_____
RICARDO J. NAVARRO
BRADLEY W. SHIELDS