United States District Court
Southern District of Texas
FILED

OCT 1 5 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CLINTON R. BROWN | § | |
|     Plaintiff | § | |
| VS | § | C.A. NO. B-02-142 |
| | § | |
| CITY OF HARLINGEN, TEXAS | § | |
| VALLEY INT'L AIRPORT | § | |
| LEONEL SILVA & | § | |
| RAMIRO MARTINEZ, ET. AL. | § | |
|     Defendants | § | |

JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

   The Parties met separately by telephone on October 14, 2002. Daniel Rios, Francisco J. Martinez and Brad Shields participated.

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

   None.

3. Briefly describe what this case is about.

   Plaintiff filed this suit under 42 U.S.C. §§ 1983, 1988, 1981, 1985, alleging that his civil rights were violated by Defendants in connection with the seizure of his property.

4. Specify the allegation of federal jurisdiction.

   Federal question jurisdiction under 28 U.S.C. §§ 1331 and 1343.

5. **Name the parties who disagree and the reasons.**

   The parties do not disagree as to this Court's exercise of subject matter jurisdiction.

6. **List anticipated additional parties that should be included, when they can be added, and by whom they were wanted.**

   None.

7. **List anticipated interventions.**

   None.

8. **Describe class-action issues.**

   None.

9. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

   Defendants City of Harlingen, Texas (Including Valley International Airport), Leonel Silva and Ramiro Martinez, Individually and Officially, ("City Defendants") made their initial disclosures on September 23, 2002 and amended initial disclosures on October 11, 2002.

   No other parties have made their initial disclosures at this time. Initial Disclosures will be sent no later than October 28, 2002, as required by Rule 26(a).

10. **Describe the proposed agreed discovery plan, including:**

    A. Responses to all the matters raised in Rule 26(f).

       With respect to Rule 26(f)(1), See response to No. 9.

       With respect to Rule 26(f)(2), Plaintiff and Defendants will conduct discovery based upon claims made and defenses asserted in this lawsuit. Plaintiff and Defendants anticipate discovery will be completed within 300 days from the scheduled pre-trial conference of October 23, 2002.

        With respect to Rule 26(f)(3), no changes are needed at this time, subject to the arrangements of the parties.

        With respect to Rule 26(f)(4), none at this time.

B.   When and to whom the plaintiff anticipates it may send interrogatories.

        Plaintiff anticipates sending interrogatories to the Defendants by no later than January 17, 2003.

C.   When and to whom the defendant anticipates it may send interrogatories.

        Defendants anticipate sending a first set of written discovery, consisting of Request for Admissions, Interrogatories, and Request for Document Production, to Plaintiff no later than February 17, 2003.

D.   Of whom and by when the plaintiff anticipates taking oral depositions.

        Plaintiff anticipates deposing Defendants by no later than March 15, 2003.

E.   Of whom and by when the Defendant anticipates taking oral depositions.

        Defendants anticipates taking the deposition of Plaintiff, Clinton Brown, no later than April 15, 2003.

F.   When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

        Plaintiff anticipates designating its expert and providing a report by March 30, 2003. Defendant will designate its expert as soon as practicable after Plaintiff's expert is designated.

G.   List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates

    taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

    None at this time but as soon as practicable after such designation.

  H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

    Defendant anticipates taking the deposition of any expert designated by the Plaintiff as soon as practicable after such designation by agreement of respective counsel.

11. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposal of each party.**

  As mentioned above, the parties do not anticipate any disagreements regarding the proposed discovery plan.

12. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

  No formal discovery exchanged to date.

13. **State the date the planned discovery can reasonably be completed.**

  Parties expect discovery to be completed within 300 days from the initial pre-trial scheduling conference.

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

  None at this time.

15. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

  The parties have not agreed to resolve this matter at this time. Only after discovery is exchanged and depositions of the relevant witnesses are taken will the parties be in a position to approach potential settlement of this matter.

   Until then, the parties are in no position to initiate settlement negotiations.

16. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

   Counsel has not yet discussed the possibility of alternative dispute resolution at this time. The parties will discuss mediation following preliminary discovery. At this time, the parties are in no position to initiate settlement negotiations.

17. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on trial before a magistrate judge.**

   The Parties do not agree to trial before a Magistrate Judge at this time.

18. **State whether a jury demand has been made and if it was made on time.**

   Plaintiff has not made a jury demand at this time.

19. **Specify the number of hours it will take to present the evidence in this case.**

   The Parties believe it will take 20 hours to present the evidence in this case.

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

   Defendant Cameron County has a Rule 12(b) Motion to Dismiss pending.

21. **List other motions pending.**

   None other than Defendant Cameron County's Motion to Dismiss.

22. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

None.

23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

City Defendants filed their Certificate of Interested Parties on September 23, 2002.

Defendant Cameron County filed its Certificate of Interested Parties on September 5, 2002.

Plaintiff has not filed his Certificate of Interested Parties at this time, but anticipates filing said document by October 16, 2002.

24. List the names, bar numbers, addresses and telephone numbers of all counsel.

_____         10-14-02
Counsel for Plaintiff              Date
Mr. Daniel Rios
State Bar No. 00784844
So. Dist ID No.
(956) 631-1615 (Tel)
(956) 682-0566 (Fax)

_____         10/14/02
Counsel for City of Harlingen      Date
Mr. Ricardo J. Navarro
Attorney in Charge
State Bar No. 14829100
So. Dist. ID No. 5953
Mr. Bradley W. Shields
State Bar No. 24002938
So. Dist. ID No. 30797
Bank of America Building
222 E. Van Buren, Ste. 405
Harlingen, Texas 78550
(956) 421-4904 (Tel)
(956) 421-3621 (Fax)

_____/s/_____                    10/14/02
Counsel for Cameron County                           Date
Mr. Francisco J. Martinez
State Bar No. 13141900
So. Dist. I.D. No. 17477
Office of the District Attorney
974 E. Harrison
Brownsville, Texas 78521
(956) 544-0849
(956) 544-0869

## CERTIFICATE OF SERVICE

I certify that a true copy of this document has been sent to the persons listed below on the 14th day of October, 2002.

Mr. Daniel G. Rios    **By CMRRR No. 7002 1000 0004 8591 0751**
Law Offices of Daniel G. Rios, P.C.
323 Nolana
McAllen, Texas 78501
**Counsel for Plaintiff**


Mr. Francisco J. Martinez **By CMRRR No. 7002 1000 0004 8591 0744**
Office of the District Attorney
974 E. Harrison
Brownsville, Texas 78520
**Counsel for Cameron County**

              _____
              RICARDO J. NAVARRO
              BRADLEY W. SHIELDS