IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
-BROWNSVILLE DIVISION-

United States District Court
Southern District of Texas
ENTERED

NOV 2 0 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| CLINTON R. BROWN,<br>Plaintiff,<br><br>VS.<br><br>CITY OF HARLINGEN,<br>VALLEY INTERNATIONAL AIRPORT,<br>CAMERON COUNTY,<br>LEONEL SILVA, and<br>RAMIRO MARTINEZ,<br>Defendants. | §<br>§<br>§<br>§<br>§    CIVIL ACTION NO. B-02-142<br>§<br>§<br>§<br>§<br>§<br>§ |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Pending before the court is Defendant, Cameron County's, Motion to Dismiss (Docket No. 4) for failure to state a claim upon which relief could be granted pursuant to FED. R. CIV. P. 12(b)(6). For the reasons stated below it is recommended that the motion be denied.

**I. Background**

Plaintiff, Clinton R. Brown, ("Brown") is suing the City of Harlingen, Valley International Airport, Cameron County, Leonel Silva ("Officer Silva"), and Ramiro Martinez ("Officer Martinez"), for racial discrimination under 42 U.S.C. § 1981 and for violation of his constitutional rights under the Fourth and Sixth and Fourteenth Amendments, pursuant to 42 U.S.C. § 1983. Brown also filed a claim pursuant to 42 U.S.C. § 1985(c) which prohibits conspiracies to interfere with civil rights and deprive persons of their rights and privileges.

Brown alleges that when he arrived at the Valley International Airport on July 27, 2000, and proceeded outside to catch a taxi, Officer Silva and Officer Martinez, two Harlingen city policemen, approached him and interrogated him as to the contents of his bag. Brown claims

that Officer Silva had no reasonable suspicion or probable cause to detain Brown, when he refused to consent to a search of his bag. A narcotics dog was subsequently brought in. Brown argues that the dog did not alert, while Officer Silva argues that it did. In any event, Brown's bag was confiscated and then a search warrant obtained. Brown's personal items and money ($18,110.00) were found within, but no illegal drugs.

Brown voluntarily offered the Harlingen Police Department receipts and other evidence to show the legal origin of the $18,110.00. However, the matter was referred to the District Attorney's Office in Cameron County. The District Attorney filed an Original Petition of Notice of Seizure and Intended Forfeiture pursuant to TEX. CODE OF CRIM. PROC. § 59, on August 2, 2000, in the case styled *State of Texas v. Clinton Reginald Brown* (Cause No. 2000-08-3136-A) in the 107th Judicial District Court, Cameron County. This statutory provision requires that the entity seeking forfeiture plead and prove that the property was used or intended to be used or derived from a commission of a felony.

As the original petition failed to do this, Brown specially excepted to this defect in the pleadings. When the District Attorney filed her First Amended Petition, she admitted that the felony was not known. Brown then requested summary judgment based on the fact that there was no evidence and no genuine issue of material fact. The District Attorney's Office then filed a Motion for Non-Suit which was granted and the property was returned to Brown.

## II. Claims of the Parties

### A. Defendant - Cameron County

Defendant, Cameron County, argues in its Motion to Dismiss, that in order to bring an

action under § 1983 against the county, Brown must show that the deprivation of his rights resulted from an official policy, practice or custom. *Monell v. Dept. of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed. 2d 611 (1978). The county claims that Brown has failed to plead and present any credible evidence that Cameron County was the moving force behind the alleged violations, or that it was deliberately indifferent to Brown's rights.

Cameron County argues that a prosecutor has absolute prosecutorial immunity. In addition, the prosecutor is deemed to act independently of the county when acting in a prosecutorial capacity. He or she is instead acting on behalf of the State of Texas. TEX. CODE CRIM. PROC. ANN. §2.01 (Vernon 1980 & Supp. 2002). The county argues further that the District Attorney is entitled to qualified immunity when she acts in good faith and within the scope of her discretionary authority, which she has done.

### B. Plaintiff - Brown

In Brown's Response (Docket No. 7) to the Motion to Dismiss, he argues that he in fact did plead that Cameron County was engaged in a policy, practice, or custom. Brown contends that he does not have to present *credible evidence* in his pleading, as that is not the standard required. Instead he must only present specific facts which support his allegation that Cameron County was deliberately indifferent, which he claims he has done.

Brown also argues that he is not bringing suit against the individual prosecutors, who are entitled to immunity, but against the county. Brown claims that Cameron County *"by and through"* the District Attorney: 1) failed to adequately train its attorneys; 2) failed to adequately supervise its attorneys; 3) failed to enact policies to prevent the prosecution of baseless forfeiture proceedings; 4) prosecuted cases that lacked merit; and 5) ratified that actions of the District

Attorney.

Brown also asserts that Cameron County independently violated his rights through its actions and as part of a conspiracy. Specifically, Brown alleges that Cameron County participated in an "inter-local" agreement between itself, the City of Harlingen and the State of Texas, in which they share in the distribution of forfeited property. *See* TEX. CODE CRIM. PROC. §59.06(a)-(o). Brown claims that the county contracts with law enforcement and the District Attorney's Office in such cases. In fact, Brown points to Written Interrogatory No. 19, (attached as Exhibit 1, Docket No. 7) indicating that his funds were turned over to the control of the Cameron County Auditor's Office. The county continued to maintain control of his funds during the forfeiture proceedings, approximately fourteen months.

### III. Standard

Motions to dismiss for failure to state a claim pursuant to Rule 12(b)(6) are viewed with disfavor and are rarely granted. *Southern Christian Leadership Conference v. Supreme Court of the State of Louisiana*, 252 F.3d 781, 786 (5th Cir. 2001) (quoting *Tanglewood East Homowners v. Charles-Thomas, Inc.*, 849 f.2d 1568, 1572 (5th Cir. 1988)). The purpose of a Rule 12(b)(6) motion is to test the legal sufficiency of the statement of the claim for relief, not the facts that support it. *See Nevarez v. United States*, 957 F.Supp. 884, 889 (W.D. Tex. 1997). When ruling on a Rule 12(b)(6) motion, this Court must liberally construe the complaint in favor of the plaintiff and assume the truth of all well-pleaded facts. *See Oliver v. Scott*, 276 F.3d 736 (5th Cir. 2002). The court may not dismiss a plaintiff's action "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

*Southern Christian Leadership Conference*, 252 F.3d at 786 (quoting *Conley v. Gibson*, 355 U.S. 41 (1957)). A plaintiff's conclusory allegations or legal conclusions masquerading as factual assertions are insufficient to defeat a motion to dismiss. *See id.*

## IV. Recommendation

Although Brown has pleaded that Cameron County has a practice, policy or custom of deliberate indifference to the constitutional violations that allegedly occurred, there are no facts in the record which would suggest this. Brown argues that Cameron County is liable "by and through" the actions of these entities, but cites no authority. Under *Monell*, §1983 liability cannot be based on respondeat superior or agency theory.

However, Brown has also argued that Cameron County is independently violated his rights. Specifically he claims the existence of a conspiracy between the county and the other signatories of the inter-local agreement and to the county's role as the official repositor of the confiscated funds. In this case, Cameron County, through its own actions and not those of the District Attorney, could be subject to liability under §1981 and §1983 for direct violations of Brown's rights. These violations are not predicated on a respondeat superior liability. Brown has raised the possibility of a cause of action against the county, therefore a 12(b)(6) dismissal is not appropriate. As there remains viable causes of action against Cameron County, dismissal is not proper.

## V. Conclusion

IT IS THEREFORE **RECOMMENDED** that Defendant, Cameron County's, Motion to Dismiss be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 20th day November, 2002.

John Wm. Black
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
- BROWNSVILLE DIVISION -

| | | |
|---|---|---|
| CLINTON R. BROWN,<br>    Plaintiff, | §<br>§<br>§ | |
| VS. | §<br>§ | CIVIL ACTION NO. B-02-142 |
| CITY OF HARLINGEN,<br>VALLEY INTERNATIONAL AIRPORT,<br>CAMERON COUNTY,<br>LEONEL SILVA, and<br>RAMIRO MARTINEZ,<br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§ | |

**ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION AND DISMISSING PETITION**

Before the Court is Magistrate Judge's Report and Recommendation on the above-referenced cause of action. After a de novo review of the entire file, it is the opinion of this Court that the Magistrate Judge's Report and Recommendation of November 20, 2002, should be adopted and Cameron County's Motion to Dismiss be denied.

DONE in Brownsville, Texas, on this _____ day of _____, 2002.

_____
Andrew S. Hanen
United States District Judge
