IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 0 2 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| CLINTON REGINALD BROWN | § § | |
| vs. | § § | CIVIL ACTION NO. |
| | § | B-02-142 |
| CITY OF HARLINGEN, VALLEY INTERNATIONAL AIRPORT, CAMERON COUNTY, TEXAS, LEONEL SILVA AND RAMIRO MARTINEZ | § § § § § | OBJECTION TO MAGISTRATE JUDGE'S RECOMMENDATION |

**CAMERON COUNTY'S OBJECTIONS TO MAGISTRATE JUDGE'S PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS**

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW CAMERON COUNTY, Defendant in the above numbered cause and files its OBJECTIONS TO MAGISTRATE JUDGE'S PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS and shows this court as follows:

1. The magistrate judge recommends against dismissal of Cameron County as a defendant in this case because plaintiff has raised a possibility of a cause of action against the County. Plaintiff claims that, subject to an inter-local agreement between the County, the district attorney's office and the Harlingen Police Department, the County and the City of Harlingen conspired to deprive the plaintiff of his property. Plaintiff appears to base his claim on the fact that the law enforcement agency deposited the seized money with the county and the requirements of TEX. CODE CRIM. PROC. §59.06(a)-(o).

2. Plaintiff's conspiracy claim is speculative, conclusory, and self-serving because plaintiff misinterprets and mischaracterizes TEX. CODE CRIM. PROC.

§59.06. The heading of §59.06 is Disposition of Forfeited Property, §59.06 applies *after* property has been forfeited and awarded to the state by a judgment. Cameron County cannot engage in inter-local agreements with anyone to share in the distribution of forfeited property because the only parties allowed to enter into a local agreement to share forfeited property are the attorney for the state and the law enforcement agency or agencies involved in the seizure. SEE TEX. CODE CRIM. PROC. §59.06(a).

3. "If a local agreement exists between the attorney representing the state and law enforcement agencies, all money, securities, negotiable instruments, stocks or bonds, or things of value, or proceeds from the sale of those items, shall be deposited, after the deduction of court cost to which a district court clerk is entitled under Article 59.05(f), according to the terms of the agreement into one or more of the following funds: (1) a special fund in the county treasury for the benefit of the office of the attorney representing the state, to be used by the attorney solely for the official purposes of his office; (2) a special fund in the municipal treasury if distributed to a municipal law enforcement agency, to be used solely for law enforcement purposes, such as salaries and overtime pay for officers, officer training, specialized investigative equipment and supplies, and items used by officers in direct law enforcement duties" TEX. CODE CRIM. PROC. §59.06 (c)(1) & (2). Neither the County nor the City of Harlingen can share in the distribution of forfeited property awarded subject to the local agreement.

4. In this case, after the seizure of the funds subject to forfeiture and before final judgment, the County merely acted as a depository of the confiscated money under the statute. "A peace officer who seizes property under this chapter has custody of the property, subject only to replevy under Article 59.02 of this code or an order of a court. A peace officer who has custody of property shall provide the attorney representing the state with a sworn statement that contains a schedule of the property seized, an acknowledgement that the officer has seized the property, and a list of the officer's reasons for the seizure. Not later that 72 hours after the seizure, the peace officer shall: (1) place the property under seal; (2) remove the property to a place ordered by the court; or (3) require a law enforcement agency of the state or a political subdivision to take custody of the property and move it to a proper location." TEX. CODE CRIM. PROC. §59.03(c). The County is defined as a political subdivision under TEX. CIV. PRAC & REM. CODE § 102.001.

5. In his Original Complaint plaintiff's allegation regarding an alleged conspiracy involving the County are based on the proposition that the County allegedly acted through the district attorney's office. See Plaintiff's Original Complaint Paragraph 3.51 at page 9 and Paragraph 5.04 at page 12.

6. In Plaintiff's Response to the County's Motion to Dismiss, Plaintiff mistakenly speculates that there must be an inter-local agreement involving the County basing the allegations on his misinterpretation of TEX. CODE CRIM. PROC. §59.06. The allegation that the County must be involved in a conspiracy merely because the confiscated funds have been deposited with the county as

provided by TEX. CODE CRIM. PROC. §59.03(c) is a huge leap in logic, conclusory, and self-serving. In addition, in his Response, plaintiff continues to allege that the County's alleged conspiracy was orchestrated by and through the Office of the District Attorney, acting as the County's agents. See Plaintiff's Response to Cameron County's Motion to Dismiss, Paragraph II(5) and Paragraph V.

7. Plaintiff claims that as part of the alleged conspiracy he was without his property for over a year. See Plaintiff's Original Complaint, Paragraph 3.47. Plaintiff fails to mention that a major reason for the delay in the resolution of the state action was plaintiff's continued refusal to provide necessary and adequate discovery. The State had to file a Motion to Compel Discovery on October 30, 2000, a Motion for Sanctions for failure to provide discovery on April 3, 2001, and on April 26, 2001 the court granted a Default Judgment against Mr. Brown, for discovery abuse. The majority of the delay in the state action was caused by the plaintiff's own actions or inactions.

Wherefore premises considered, Defendant Cameron County respectfully requests:

    That this Defendant's motion to dismiss Plaintiff's complaint be granted;

    That Plaintiff takes nothing from Defendant on Plaintiff's claim;

    That Defendant be awarded costs and reasonable attorney's fees herein;

    That the court grant Defendant such other and further relief as the court may deem proper.

Respectfully submitted,

YOLANDA DE LEÓN
COUNTY AND DISTRICT ATTORNEY

Cameron County Courthouse
974 E. Harrison Street
Brownsville, Texas 78520
Phone: 956-544-0849
Fax No.: 956-544-0869

BY: _____
Francisco J. Martinez
Assistant County and District Attorney
Texas State Bar No. 13141900
Federal Admission No.: 17477
ATTORNEY FOR CAMERON COUNTY

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing **CAMERON COUNTY'S OBJECTIONS TO MAGISTRATE JUDGE'S PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS** has on this the ___22nd___ day of November, 2002, been forwarded via certified mail, return receipt requested to:

Daniel Rios
Attorney at Law
323 Nolana
McAllen, Texas 78504
**CM/RRR #7000 1670 0006 1971 3000**

Rick Navarro
Attorney at Law
222 E. Van Buren, Suite 405
Harlingen, Texas 78550
**CM/RRR #7000 1670 0006 1971 2973**

_____
Francisco J. Martinez
Assistant County and District Attorney