IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 0 5 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| CLINTON REGINALD BROWN, | § | |
|     Plaintiff | § | |
| vs. | § | Civil Action No. B-02-142 |
| | § | JURY DEMAND |
| | § | |
| THE CITY OF HARLINGEN, VALLEY | § | |
| INTERNATIONAL AIRPORT, | § | |
| CAMERON COUNTY, TEXAS, | § | |
| LEONEL SILVA AND | § | |
| RAMIRO MARTINEZ | § | |
|     Defendants | § | |

## PLAINTIFF'S SUPPLEMENTAL RESPONSE TO
## DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

I.

As indicated in Plaintiff's Original Response to Defendants' Motions for Summary

Judgment, Plaintiff sought leave of court to allow additional time in which to file Plaintiff's

Affidavit, a blank copy of which had been included as an attachment to said response. Attached

herewith as Exhibit "1" is the duly executed affidavit of the Plaintiff, which Plaintiff presents to

the court. Plaintiff respectfully requests this Honorable Court consider this affidavit in

connection with its response to Defendants' Motions for Summary Judgement.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that this court grant him

leave of court to file his Affidavit in response to Defendants' Motions Summary Judgment, and

Plaintiff requests all such other relief to which he is justly entitled.

Respectfully submitted,

LAW OFFICES OF DANIEL G. RIOS, P.C.
323 Nolana Loop
McAllen, Texas 78504
Telephone: (956) 631-1615
Facsimile: (956) 682-0566

By:_____

    DANIEL G. RIOS
    State Bar No. 00784844
    Federal Admission No. 17290
    ATTORNEY-IN-CHARGE FOR PLAINTIFF

## CERTIFICATE OF SERVICE

On this _____ day of _____, 2003, I, Daniel G. Rios certify that a copy

of the foregoing instrument has been served on all counsel of record by certified mail return

receipt requested.

_____
Daniel G. Rios

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CLINTON REGINALD BROWN, | § | |
|       Plaintiff | § | |
| vs. | § | Civil Action No. B-02-142 |
| | § | JURY DEMAND |
| | § | |
| THE CITY OF HARLINGEN, VALLEY | § | |
| INTERNATIONAL AIRPORT, | § | |
| CAMERON COUNTY, TEXAS, | § | |
| LEONEL SILVA AND | § | |
| RAMIRO MARTINEZ | § | |
|       Defendants | § | |

**ORDER DENYING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**

On this _____, 2003, this Court considered Defendants' Motions for

Summary Judgment , and after considering same, all pleadings motions and responses on file,

and arguments of counsel, this Court hereby denies Defendants, City of Harlingen, Leonel Silva,

Ramiro Martinez and Valley International Airports' Motions for Summary Judgment.

_____
JUDGE PRESIDING

# EXHIBIT

## "1"

## Affidavit of Clinton Reginald Brown

State of Georgia

County of Effingham

1.  My name is Clinton Reginald Brown. I am over the eighteen years of age and am competent to make this affidavit. I am the Defendant identified in this case styled State of Texas vs. Clinton Reginald Brown; Cause No. 2000-083136-A; 107th Judicial District Court, Cameron County, Texas. My social security number is 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.

2.  I am personally familiar with the facts stated in this affidavit.

3.  I further state that at the time my personal garment bag was detained by the Harlingen Police Department on July 27, 2000, I was not engaged in any criminal activity. At that time I was not engaged in the delivery, transportation, distribution or possession of any illegal narcotics. I further state that, at the time, I did not commit any act that should have led any person or law enforcement officer to believe that I was engaged in the delivery, transportation, distribution, or possession of any illegal narcotics.

4.  I was simply leaving the airport when the police office began interrogating me. When the police began their interrogation I did not feel that I was free to walk away and ignore their questions. In fact, because they came up to me for no reason, I felt that they had ill intentions and would resist any effort on my part to leave the airport. When they asked me to stop inside the airport, I had formed a belief that they would not allow me to leave the airport without their permission.

5.  On July 27, 2000, I was initially interrogated by the Harlingen Police Department after exiting the airport facility. I did not consent to the interrogation. They never explained to me why I was being interrogated. After the Harlingen Police officers began interrogating me, I did not consent to any search of my personal garment bag. I was never served with a search warrant for the search or seizure of my personal garment bag. I was never served with a search warrant for the search or seizure of my personal garment bag on that date. The officers confiscated my bag without any reason and without my consent. I understand that the officers are claiming that the drug sniffing dog that sniffed my bag on that day alerted. I specifically deny that the dog alerted or in any way indicated that there was any narcotics in my bag. I further specifically deny that there were any narcotics in my bag. I was never charged with a crime in relation to the contents of my bag.

6.    The personal garment bag that was seized in connection with the above-referenced case was taken from me without my consent. After my bag was seized by the Harlingen Police Department, I was told I could go. I was never arrested for any reason related to the seizure of my bag. I was never arrested by that Police Department.  I was never charged with any crime arising out of any conduct that occurred on July 27, 2000. In fact, in an effort to recover my funds, I presented myself voluntarily at the Harlingen Police Department with documents and proof that the proceeds in that bag were legitimately earned. The investigators completely disregarded that information I voluntarily gave them, and they have never indicated to me why they detained me at the time and they have never explained to me why they confiscated my property.

7.    After I presented myself voluntarily to the Police Officers, they initiated the forfeiture proceeding where they sought to confiscate the proceeds that were contained in my confiscated bag. At that point, I hired counsel to represent me in that case. Ultimately, the state dismissed the case against me and the Cameron County District Attorney's office never filed any criminal charges against me related to any offense, much less any offense related to any crime involving narcotics.

Further sayeth not.


_____
Clinton Reginald Brown


State of Georgia

County of _Effingham_

Sworn to and subscribed before me on this _3rd_ day of ~~February~~ March, 2003, by Clinton Reginald Brown.


_____
Notary Public, State of Texas Georgia