IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 0 6 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| CLINTON R. BROWN | § | |
| Plaintiff | § | |
| VS | § | |
| | § | CIVIL ACTION NO. B-02-142 |
| CITY OF HARLINGEN, TEXAS | § | |
| VALLEY INT'L AIRPORT | § | |
| LEONEL SILVA & | § | |
| RAMIRO MARTINEZ, ET. AL. | § | |
| Defendants | § | |

**CITY DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE
TO CITY DEFENDANTS MOTION FOR SUMMARY JUDGMENT
AND MOTION TO STRIKE EVIDENCE**

May it Please the Court:

COME NOW DEFENDANTS, the CITY OF HARLINGEN, TEXAS (including VALLEY INTERNATIONAL AIRPORT)[1], LEONEL SILVA and RAMIRO MARTINEZ, Individually and Officially, (hereafter "CITY DEFENDANTS") and file this Reply to Plaintiff's Response to City Defendants' Motion for Summary Judgment and Motion to Strike Evidence pursuant to Rule 56 of the Federal Rules of Civil Procedure.

I.
**MOTION TO STRIKE PLAINTIFF'S SUMMARY JUDGMENT EVIDENCE**

A.   **Plaintiff's Complaint**

Plaintiff attaches his complaint to show that he has alleged a violation of a clearly established right and further to show

---

[1] Valley International Airport (hereafter "VIA") is a department of the CITY OF HARLINGEN and is not a separate juridical entity. Consequently, any and all references to the CITY OF HARLINGEN necessarily include VIA as an agency of the CITY. More importantly, however, is the juridical fact that agencies and departments of a legal entity can not, nor need not, be separately named as parties. *See* II, *infra*.

City Defendants' Reply to Response to Dispositive Motion                    Page 1

that he sufficiently pleads a custom, policy or practice, and that he has demonstrated the City's policy, custom or practice regarding drug interdiction activities and forfeiture proceedings. Plaintiff's argument that his complaint shows he has merely *alleged* violation of rights and merely *pleads* customs, policies or practices is irrelevant and has no bearing on the summary judgment issues before the Court. One can allege absolutely anything, but such does not defeat an affirmative defense or establish a material issue of fact.

However, regardless of such, pleadings are not competent summary judgment proof. *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir.1996); *Orson, Inc. v. Miramax Film Corp.*, 79 F.3d 1358, 1372 (3rd Cir.1996); *Lipton v. Nature Co.*, 71 F.3d 464, 469 (2dCir.1995). Thus Plaintiff's complaint is not competent summary judgment proof to establish any violation of constitutional rights, or to demonstrate any policy, custom or practice regarding drug interdiction activities and forfeiture proceedings. Thus DEFENDANTS move the court to strike Plaintiff's Complaint as Summary Judgment proof.

**B.  Affidavit of Plaintiff**

Plaintiff attaches an unsigned affidavit of Plaintiff, and asks for leave to late file an executed affidavit. CITY DEFENDANTS hereby request that such request for leave be denied. Plaintiff was given three full weeks to come up with evidence and file its Response. Plaintiff has failed to do so, and has failed to meet the deadlines set by this Court. The summary judgment hearing has already been continued once to allow Plaintiff to gather evidence. Plaintiff has still failed to do so.

CITY DEFENDANTS request that the Court strike the attached "affidavit" of Plaintiff as summary judgment proof. The affidavit is not executed. To be admissible as summary judgment evidence, testimony must be sworn and made under penalty of perjury. *Hayes v. Marriott*, 70 F.3d 1144, 1147-48 (10th Cir.1995); *Pfeil v. Rogers*, 757 F.2d 850, 859 (7th Cir.1985). Plaintiff's affidavit purporting to be summary judgment proof is unsigned and not sworn to, and should be stricken as evidence and not considered by the Court.

C.  **Petitions and Notices of Seizure**

Plaintiff has attached as summary judgment evidence, a Petition and First Amended Petition with Notices of Seizure and Intended Forfeiture. Such are in the nature of pleadings in a Forfeiture lawsuit. As indicated above, pleadings are not competent summary judgment proof. *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir.1996). Thus, such Petitions are not competent summary judgment proof and CITY DEFENDANTS move the court to strike them as Summary Judgment proof.

## II.
## REPLY TO PLAINTIFF'S RESPONSE

A.  **CORRECT STANDARD APPLIED FOR SUMMARY JUDGMENT**

In its Response, Plaintiff asserts that the CITY DEFENDANTS apply the incorrect standard for summary judgment as to its affirmative defenses. Plaintiff is correct that Defendants must show the absence of a genuine issue of material fact and establish each element of its defense as a matter of law. However, CITY DEFENDANTS followed this standard in their Motion for Summary Judgment. CITY DEFENDANTS do establish each element of their affirmative defenses and show there is no issue of

genuine fact as to such elements in their Motion for Summary Judgement.

CITY DEFENDANTS also assert in their Motion for Summary Judgment that Plaintiff has no evidence to support essential elements of his claim against the City and his malicious prosecution, false imprisonment and conspiracy claims against the Individual DEFENDANTS. Thus, CITY DEFENDANTS move for summary judgment on two different grounds, and the two are often mentioned together throughout the Summary Judgment Motion. Thus pursuant to the Motion for Summary Judgment, each of the Individual DEFENDANTS SILVA and MARTINEZ are entitled to qualified immunity as to all Plaintiff's federal claims because there is no issue of material fact that the conduct of the Individual DEFENDANTS was not in violation of a clearly established constitutional right under the current state of the law, nor was their conduct objectively unreasonable in light of "clearly established" law at the time of the alleged violation. Therefore, the elements of qualified immunity have been established and the Individual DEFENDANTS are entitled to dismissal or summary judgment on Plaintiff's claims.

Further, CITY DEFENDANTS are entitled to summary judgment as Plaintiff has no evidence to support essential elements of each of its causes of action against the CITY DEFENDANTS, particularly that Plaintiff was deprived of any constitutional or other federally protected right as a result of an official policy, practice or custom of the CITY OF HARLINGEN and malicious prosecution, conspiracy and false imprisonment.

**B.   NO VIOLATION OF A CLEARLY ESTABLISHED RIGHT**

Plaintiff asserts in its Response that its complaint clearly demonstrates that Plaintiff has alleged violations of clearly established rights. CITY DEFENDANTS do not dispute that

Plaintiff has alleged such. However, Plaintiff misunderstands the required showing. Merely alleging something in a petition is of course not adequate. One can allege anything in a petition. A plaintiff must *demonstrate* that a defendant's alleged misconduct *was in violation* of a clearly established constitutional right under the current state of the law. Merely alleging certain conduct in a petition does not demonstrate that Defendants conduct was in violation of clearly established constitutional rights. Further, pleadings are not competent summary judgment proof. *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir.1996); *Orson, Inc. v. Miramax Film Corp.*, 79 F.3d 1358, 1372 (3rd Cir.1996); *Lipton v. Nature Co.*, 71 F.3d 464, 469 (2dCir.1995).

Thus Plaintiff's complaint does not establish a material fact as to the demonstration of a violation of a constitutional right element of DEFENDANTS' qualified immunity defense.

C. **NO ISSUE OF MATERIAL FACT AS TO OBJECTIVE REASONABLENESS OF INITIAL CONVERSATION**

Plaintiff has failed to raise any issue of material fact as to the objective reasonableness of the initial stop and conversation. First, Plaintiff asserts that he did not consent to the initial interview and did not consent to the initial interrogation. For the above reason that Plaintiff's unsigned affidavit does not constitute competent summary judgment proof, such do not establish any issues of material fact as the objective reasonableness of CITY DEFENDANTS actions.

Secondly, Plaintiff argues that CITY DEFENDANTS summary judgment evidence does not show why they initially stopped Plaintiff. However, CITY DEFENDANTS do not need evidence to show why they initially approached Plaintiff, as pointed out in

the Motion for Summary Judgment. They could approach Plaintiff, as they could approach anyone on the street, and ask permission to ask questions or ask for identification. *See Florida v. Bostick*, 501 U.S. 429, 435 (1991). Thus OFFICERS SILVA and MARTINEZ, in initially approaching Plaintiff for a consensual encounter and request for identification, were acting in a completely lawful fashion, and there is no issue of material fact as to this.

Again, Plaintiff's "evidence" purporting to show that the encounter was not consensual is not competent summary judgment evidence and should be stricken.

**D.   NO ISSUE OF MATERIAL FACT AS TO OBJECTIVE REASONABLENESS OF CONFISCATION AND SEARCH**

Plaintiff alleges that there is an issue of material fact as to the objective reasonableness of the bag confiscations because the dog did not alert and because the officers obtained a search warrant despite the dog alerting.

First, with respect to the dog alerting, Plaintiff's assertion that it did not alert is not evidence to raise a material fact, for the above reasons regarding the striking of Plaintiff's affidavit. Regardless however, the dispositive issue on such probable cause element is whether the DEFENDANT OFFICERS objectively and reasonably believed that the dog alerted to the presence of narcotics, not whether Plaintiff believed the dog did. That the Individual DEFENDANTS reasonably believed that the dog Fasco alerted to the presence of drugs is evident in the evidence submitted as competent summary judgment evidence by Defendants. Thus, Plaintiff fails to raise an issue of material fact as to the reasonableness of the confiscation with respect to the dog alerting.

Secondly, the fact that CITY DEFENDANTS also followed procedure and obtained a search warrant despite the dog alert hardly raises a material fact issue as to whether the confiscation was objectively reasonable.

Additionally, Plaintiff asserts that a fact issue was raised as to whether the search warrant was illegally obtained since he contends that the dog did not alert. First, his contentions regarding the dog alerting do not raise a fact issue, as indicated above. Secondly, CITY DEFENDANTS were reasonable in the belief that probable cause existed to get the warrant because in addition to the dog alert, a check of the Plaintiff's criminal record showed he had previously been arrested in Florida, from where he was returning, for possession of drugs and Plaintiff also admitted to carrying a very large amount of cash at that time.

With respect to CITY DEFENDANTS actions in holding the Plaintiff's luggage, conducting a K-9 search and then seizing and searching the luggage, CITY DEFENDANTS at all times had a reasonable belief that probable cause existed to take each of the actions.

### E.  STATUTORY FORFEITURE PROCEEDINGS HAVE NO BEARING ON REASONABLENESS

Plaintiff mistakenly attempts to link the search and seizure of the luggage pursuant to probable cause, and the forfeiture action later presented. All actions by CITY DEFENDANTS with respect to the search and seizure of the luggage were objectively reasonable, for the reasons articulated in the Summary Judgment Motion. An action under the Forfeiture statute is a totally separate matter altogether, and such does not bear on the reasonableness of the officers with respect to all preceding matters, including search and seizure of the bags.

Whether Plaintiff was charged with a crime, or the outcome of the criminal forfeiture action, have no bearing at all on the probable cause and reasonableness of the officers with respect to the search and seizure of such bags *at the time* such actions were conducted.

The objective reasonableness standard is measured by the reasonableness of the officer's action at the time such action took place. The outcome of a later proceeding, by an entirely different party, has no bearing whatsoever on the reasonableness of the Individual DEFENDANTS actions with respect to the search and seizure of Plaintiff's luggage.

### F. NO ISSUE OF MATERIAL FACT AS TO MALICIOUS PROSECUTION, FALSE IMPRISONMENT AND CONSPIRACY CLAIMS

Plaintiff has presented absolutely no evidence to establish the elements of his claims of malicious prosecution, false imprisonment and conspiracy, for the reasons listed above and in CITY DEFENDANTS Motion for Summary Judgment. None of Plaintiff's "evidence" is competent summary judgment evidence. In particular, Plaintiff has produced no evidence to show that Defendants acted with malice with respect to the malicious prosecution claim. Additionally, no evidence has been produced by Plaintiff in his Response to raise a material fact issue as to either of the elements of qualified immunity by DEFENDANTS against such claims. As for his conspiracy claim, such must fail as a matter of law since Plaintiff's other claims fail as a matter of law. Recovery may be had from parties on the theory of concerted action as long as the elements of the separate and actionable tort are properly proved. *Mills v. Hansell*, 378 F.2d 53(C.A. 5 1967).

G.  **NO ISSUE OF MATERIAL FACT AS TO RACE DISCRIMINATION CLAIMS**

For each of the reasons indicated above, Plaintiff has raised no issue of material fact with respect to any elements of CITY DEFENDANTS' defense of qualified immunity to Plaintiffs 42 U.S.C. §1981 claim. Plaintiff argues in his Response that Defendants affidavit describing a "suspicious black male subject" indicates that listing him as a black male leads to the inference that he was racially discriminated against. This does not constitute any evidence whatsoever of race discrimination. The affidavit merely gave a description of the Plaintiff. The affidavit also described him as a male subject, does this now lead to the ridiculous conclusion by Plaintiff that CITY DEFENDANTS were discriminating against him because he was male? The description of Plaintiff as a black male in the affidavit does not raise any fact issue whatsoever regarding the reasonableness of the CITY DEFENDANTS actions.

Plaintiff has raised no fact issue to show that CITY DEFENDANTS violated a clearly established statutory right of his, nor that CITY DEFENDANTS conduct was not objectively reasonable in light of "clearly established" law at the time of this incident.

H.  **NO EVIDENCE OF DEPRIVATION OF PROTECTED RIGHT**

Plaintiff points out that in his complaint he identifies a policy, custom or practice of the City which resulted in a violation of his rights. Again, this misses the point. The Plaintiff must allege *and establish* that such policy violated his rights. The Plaintiff has presented no evidence at all of an official policy, or a custom or practice of violating constitutional or statutory rights by the City. There is no evidence that the City's final policy-makers have effectively made a policy or condoned the creation of a custom by knowingly

ratifying any unconstitutional or illegal actions of its officers or employees.

Plaintiff points to his complaint as establishing that it was the City of Harlingen's policy, practice or custom to conduct drug interdiction, that a drug interdiction unit was created, that such violates constitutional rights, and that Article 59 is used to wrongfully deprive persons of property. As indicated above, pleadings are not summary judgment proof, thus Plaintiff has provided no evidence. Additionally, even in Plaintiff's petition, Plaintiff does not establish that a policy, practice or custom regarding drug interdiction actually violates constitutional or statutory rights. As for Article 59, if Plaintiff is attacking this statute as a policy of violating rights, then Plaintiff needs to attack the constitutionality of this lawfully enacted statute, which he has not done. Essentially, Plaintiff merely *alleges* that there are policies and practices of the City which violate rights. However, Plaintiff has still failed to provide any evidence of an official policy or custom that resulted in the illegal stop and detention of Plaintiff, and the illegal seizure of his baggage.

## I.   DEFENDANT SILVA NOT POLICY MAKER

Plaintiff asserts in his response that DEFENDANT SILVA is a policy maker with respect to confiscation of property under the Texas forfeiture statute. Apparently, Plaintiff is making the argument that Plaintiff, a police officer, drafted and passed the Texas forfeiture statute. Such is not the case and Plaintiff has no evidence to so establish. With respect to DEFENDANT SILVA, Plaintiff has failed entirely to produce any evidence to show that DEFENDANT SILVA has made any policy to violate constitutional or other statutory rights.

With respect to Plaintiff's claims against the CITY OF HARLINGEN, there is no genuine issue of material fact, and Plaintiff has still failed to produce any evidence of such claims, and, therefore, the CITY OF HARLINGEN, TEXAS is entitled to Summary Judgment as a matter of law.

**J.   NO ISSUE OF MATERIAL FACT AS TO VALLEY INTERNATIONAL AIRPORT**

Plaintiff asserts that because the City Charter provides for the creation of a Harlingen Airport Board that a fact issue is raised as to whether the Airport is an entity of the City. However, Plaintiff fails to raise an issue of material fact. This Airport Board is still answerable to the City Commission and the Mayor, pursuant to the Charter. Further, the existence or non-existence of an Airport Board does not create a fact issue as to whether the Airport is not a judicial entity separate from the City itself.

**CONCLUSION & PRAYER**

THEREFORE, based on any one or more of the foregoing reasons, the CITY DEFENDANTS hereby request that the Court order the following relief:

1. That the Court grant CITY DEFENDANTS' Motion for Summary Judgment with respect to Plaintiff's claims against the INDIVIDUAL DEFENDANTS in their individual and official capacities;

2. That the Court dismiss DEFENDANT VALLEY INT'L AIRPORT from this litigation as not a properly named party; and,

3. That the Court grant CITY DEFENDANTS' Motion for Summary Judgment with respect to Plaintiff's claims against the CITY OF HARLINGEN.

CITY DEFENDANTS further requests that upon final hearing of this case, that all relief sought by Plaintiff be denied, that a take nothing judgment against Plaintiff be entered.

Finally, CITY DEFENDANTS request any other additional and further relief, at law or in equity, to which they may be entitled.

SIGNED on the 5th day of March, 2003.

                Respectfully Submitted,

                **DENTON, NAVARRO, ROCHA & BERNAL**
                A Professional Corporation
                Bank of America Building
                222 E. Van Buren, Suite 405
                Harlingen, Texas 78550
                956/421-4904
                956/421-3621 (Fax)

By: _____
     RICARDO J. NAVARRO
     Attorney In Charge
     State Bar No. 14829100
     So. Dist. ID No. 5953

By: _____
     ROBERT DRINKARD
     State Bar No. 24007128
     Fed. Dist. No. 29288

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this document has been sent by Regular U. S. Mail, unless otherwise indicated, to the person(s) listed below on this 5th day of March, 2003.

Daniel G. Rios  
LAW OFFICES OF DANIEL G. RIOS, P.C.  
323 Nolana Loop  
McAllen, Texas 78504  
COUNSEL FOR PLAINTIFF

By CMRRR: 7002 0860 0004 8101 6812

Francisco J. Martinez  
Assistant County Attorney  
Cameron County Courthouse  
974 East Harrison Street  
Brownsville, Texas 78520  
COUNSEL FOR CAMERON COUNTY

_____  
RICARDO J. NAVARRO  
ROBERT DRINKARD