United States District Court
Southern District of Texas
FILED

APR 1 0 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

CLINTON R. BROWN                    §
            Plaintiff               §
VS                                  §          C.A. NO. B-02-142
                                    §
CITY OF HARLINGEN, TEXAS            §
VALLEY INT'L AIRPORT                §
LEONEL SILVA &                      §
RAMIRO MARTINEZ, ET. AL.           §
            Defendants              §

### CITY DEFENDANTS' MOTION TO COMPEL
### PLAINTIFF TO RESPOND TO DISCOVERY REQUESTS

---

MAY IT PLEASE THE COURT:

NOW COMES CITY OF HARLINGEN, TEXAS (including VALLEY INTERNATIONAL AIRPORT)[1], LEONEL SILVA and RAMIRO MARTINEZ, Individually and Officially, (collectively hereafter "CITY DEFENDANTS") and, asks the Court to compel Plaintiff to respond to CITY DEFENDANTS' Discovery Requests.

### A.

### Introduction

Plaintiff brings this lawsuit against the CITY DEFENDANTS alleging violations of 42 U.S.C.§1983, §1981, and §1985 and the pertinent constitutional provisions prohibiting abuses of police power.

---

[1]  Valley International Airport (hereafter "VIA") is a department of the CITY OF HARLINGEN and is not a separate juridical entity. Consequently, any and all references to the CITY OF HARLINGEN necessarily include VIA as an agency of the CITY. More importantly, however, is the juridical fact that agencies and departments of a legal entity can not, nor need not, be separately named as parties.

**B.**
**Facts**

On January, 3, 2003, CITY DEFENDANT and DEFENDANT LEONEL SILVA (hereinafter CITY DEFENDANTS) each served their First Sets of Comprehensive Discovery Requests on Plaintiff, which consisted of Interrogatories and Production Requests, in accordance with Federal Rules 33 and 34. CITY DEFENDANTS' discovery requests are attached to this Motion as Exhibit "A". Plaintiff has failed to serve responses to these discovery requests. CITY DEFENDANTS attempted to resolve this issue without the necessity of filing this Motion by sending correspondence to Plaintiff on February 10, 20003. Such correspondence is attached to this Motion as Exhibit "B". Plaintiff failed to respond to this correspondence and has still failed to respond to the discovery requests. Since Plaintiff has failed to respond to the CITY DEFENDANTS' discovery requests as required by the Federal Rules of Civil Procedure, the Court should compel Plaintiff to comply with the Rules of Federal Civil Procedure and respond to CITY DEFENDANTS' discovery requests.

**C.**
**Argument and Authorities**

A party may file a motion to compel answers if interrogatories are not answered, not answered properly, or objected to by the responding party. FRCP 33(b)(5), 37(a)(2)(B); *Pan-Islamic Trade Corp. v. Exxon Corp.*, 632 F.2d 539, 552 (5th Cir.1980). The requesting party must ask the court to compel production if the responding party objects to any request, does not respond to any request, or does not permit inspection as requested. FRCP 34(b); see *Fonseca v. Regan*, 734

F.2d 944, 947 (2d Cir.1984).    The purpose of discovery is to "seek the truth, so that disputes may be decided by what the facts reveal, not by what facts are concealed." *Jampole v. Touchy*, 673 S.W.2d 569, 573 (Tex. 1984).    Discovery may be obtained about any nonprivileged matter relevant to the claims or defenses of any other party.    FRCP 26 (b)(1).    FRCP 34 permits party to request production of any relevant documents or tangible things.    *Gile v. United Airlines, Inc.*, 95 F.3d 492, 495 (7th Cir. 1996).    Relevant information does not have to be admissible at trial so long as it appears reasonably calculated to lead to the discovery of admissible evidence.    FRCP 26(b)(1); *Degen v. U.S.*, 517 U.S. 820, 825-26, 116 S.Ct. 1777, 1782 (1996).

CITY DEFENDANTS' discovery requests are reasonably calculated to lead to the discovery of admissible evidence. Specifically, they seek information related to Plaintiff's causes of action against CITY DEFENDANTS, as well as with respect to damages for Plaintiff's causes of action.

Plaintiff has completely failed to answer CITY DEFENDANTS' discovery in accordance with the Federal Rules of Civil Procedure, despite CITY DEFENDANTS' attempting to work with Plaintiff on this issue.    Therefore, Plaintiff should be compelled by the Court to respond to the CITY DEFENDANTS' discovery requests.

## D.
## Expenses of Motion

CITY DEFENDANTS have incurred expenses in preparing and filing this motion to obtain relief and thus are entitled to reasonably expenses incurred in obtaining the order, including attorney fees.

**E.**
**CONCLUSION AND PRAYER**

Because each of CITY DEFENDANTS' discovery requests are within the permissible scope of discovery per the Federal Rules of Civil Procedure, and because Plaintiff has refused to comply with the rules and failed to answer the requests, the court should compel Plaintiff to respond adequately to the CITY DEFENDANTS interrogatories and requests for production, and should award CITY DEFENDANTS attorney fees incurred in preparing this motion and attending a hearing on the motion.

**F.**
**Prayer**

For these reasons, CITY DEFENDANTS' ask the Court to set this motion for hearing and after the hearing, compel Plaintiff to file adequate responses to CITY DEFENDANTS' discovery requests, and order Plaintiff to pay attorney's fees incurred in filing this motion.

Signed this 10th day of April, 2003

Regardfully Submitted,

**DENTON, NAVARRO, ROCHA & BERNAL**
A Professional Corporation
Bank of America Building
222 E. Van Buren, Suite 405
Harlingen, Texas 78550
956/421-4904
956/421-3621 (Fax)

By: _____
RICARDO J. NAVARRO
Attorney In Charge
State Bar No. 14829100
So. Dist. ID No. 5953
ROBERT L. DRINKARD
State Bar No. 24007128
So. Dist. ID No. 29288

**CERTIFICATE OF CONFERENCE**
**WITH RESPECT TO MOTION TO COMPEL PLAINTIFF**
**TO RESPOND TO DISCOVERY REQUESTS**

Counsel for CITY DEFENDANTS' hereby apprizes the court that he has attempted in good faith to confer with Plaintiff's counsel. Counsel for Plaintiff was not been available or has not timely returned the called, and presumably, is therefore opposed to this motion.

RICARDO J. NAVARRO
ROBERT L. DRINKARD


**CERTIFICATE OF SERVICE**

I certify that a true copy of this document has been sent by Regular U.S. Mail, unless otherwise indicated, to the persons listed below on the ___10th___ day of April 2003.


Mr. Daniel G. Rios          **By CMRRR: 7002 0860 0004 8101 6584**
LAW OFFICES OF DANIEL G. RIOS, P.C.
323 Nolana Loop
McAllen, Texas 78504
COUNSEL FOR PLAINTIFF


Mr. Francisco Martinez
Assistant County Attorney
Cameron County Courthouse
974 East Harrison Street
Brownsville, Texas 78520
COUNSEL FOR CAMERON COUNTY

RICARDO J. NAVARRO
ROBERT L. DRINKARD

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

CLINTON R. BROWN                    §
                 Plaintiff          §
VS                                  §          C.A. NO. B-02-142
                                    §
CITY OF HARLINGEN, TEXAS            §
VALLEY INT'L AIRPORT                §
LEONEL SILVA &                      §
RAMIRO MARTINEZ, ET. AL.            §
                 Defendants         §

ORDER ON CITY DEFENDANTS' MOTION TO COMPEL
PLAINTIFF TO RESPOND TO DISCOVERY REQUESTS
_____

On this day the Court considered the CITY DEFENDANTS' Motion to Compel Plaintiff to Respond to Discovery Requests. After due consideration of matters raised in that motion, arguments of Counsel, any responses thereto, and the pleadings in this cause, the Court is of the opinion that the motion is meritorious and should be GRANTED.

It is, therefore ORDERED, ADJUDGED, and DECREED that the CITY DEFENDANTS' Motion to Compel Plaintiff to Respond to Discovery Request, is hereby GRANTED.

It is further ORDERED, ADJUDGED, and DECREED that Plaintiff will respond to CITY DEFENDANT'S and DEFENDANT Leonel Silva's Interrogatories and Requests for Production within 10 days of the signing of this Order.

SIGNED ON this the _____ day of _____, 2003.


                              _____
                              JOHN WM. BLACK
                              U.S. MAGISTRATE JUDGE



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CLINTON R. BROWN | § | |
| Plaintiff | § | |
| VS | § | C.A. NO. B-02-142 |
| | § | |
| CITY OF HARLINGEN, TEXAS | § | |
| VALLEY INT'L AIRPORT | § | |
| LEONEL SILVA & | § | |
| RAMIRO MARTINEZ, ET. AL. | § | |
| Defendants | § | |

DEFENDANT CITY OF HARLINGEN'S
COMPREHENSIVE SET OF DISCOVERY REQUEST CONSISTING OF
INTERROGATORIES & REQUESTS FOR PRODUCTION TO PLAINTIFF

TO:  PLAINTIFF, CLINTON R. BROWN
By and through counsel of record
Daniel G. Rios
LAW OFFICES OF DANIEL G. RIOS, P.C.
323 Nolana Loop
McAllen, Texas 78504

COMES NOW DEFENDANT, CITY OF HARLINGEN, and propounds upon Plaintiff the following discovery requests, consisting of Interrogatories and Requests for Production pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure.

SIGNED on the __31st__ day of December, 2002.

DENTON, NAVARRO, ROCHA & BERNAL
A Professional Corporation
Bank of America Building
222 East Van Buren, Ste. 405
Harlingen, Texas 78550
956/421-4904
956/421-3621 (Fax)

By: _____

RICARDO J. NAVARRO
Attorney in Charge
State Bar No. 14829100
So. Dist. ID No. 5953
ROBERT L. DRINKARD
State Bar No. 24007128
So. Dist. ID No. 29288


## CERTIFICATE OF SERVICE

I certify that a true copy of this document has been sent by regular U.S. Mail, unless otherwise indicated, to the persons listed below on the 31st day of December, 2002.


Mr. Daniel G. Rios            **By CMRRR#: 7002 0860 0004 8101 5754**
LAW OFFICES OF DANIEL G. RIOS
323 Nolana Loop
McAllen, Texas 78504
**COUNSEL FOR PLAINTIFF**


Mr. Francisco J. Martinez
Assistant County Attorney
Office of the District Attorney
Cameron County Courthouse
974 E. Harrison
Brownsville, Texas 78520
**COUNSEL FOR CAMERON COUNTY**


_____
RICARDO J. NAVARRO
ROBERT L. DRINKARD

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

Disc 2 Plff — Clinton Brown

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To *Daniel G. Rios*

Street, Apt. No.; or PO Box No.

City, State, ZIP+ 4

PS Form 3800, April 2002    See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mr. Daniel Rios
Law offices of Daniel Rios
323 Nolana Loop
McAllen, TX 78504

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
Certified                          1 2003

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Certified Mail    ☐ Express Mail
☐ Registered    ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number    7002 0860 0004 8101 5754    Brown — Disc 2 Plff

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-0835

## INSTRUCTIONS

1.   Pursuant to the authority granted by the Federal Rules of Civil Procedure, DEFENDANT CITY OF HARLINGEN hereby serves upon you Defendant's Discovery Requests, consisting of Interrogatories and Requests for Production.

2.   You are to respond to these discovery requests in accordance with the Federal Rules of Civil Procedure and applicable case law.

3.   In responding to these discovery requests, furnish all information available to you including that available from your investigators, servants, agents, employees, attorneys, and all persons or entities in your company or organization or acting on your behalf or at your request or by your direction.

4.   The Interrogatories and Requests for Production which follow are considered as continuing and you are requested to provide by way of supplemental answers any additional information as you or any other person or entity acting on your behalf may hereafter obtain which will augment or otherwise modify your answers given to the Interrogatories and Requests for Production below.   A supplemental response must be served upon Defendant immediately upon learning of any new information.

5.   If you claim any privilege or immunity in connection with any of these Interrogatories or Requests for Production, state your claim in detail and provide all information that is relevant to an evaluation by the Court of the claim of privilege or immunity or to the waiver of the privilege or immunity.

## DEFINITIONS

In responding to these discovery requests, you should rely on the definitions provided below:

**City** - refers to the City of Harlingen, Texas.

**Communication** - refers to the transmission or exchange of information, regardless of its nature, and regardless of whether the communication is verbal or by some other written or recorded medium.

**Concerning** - means relating to, referring to, describing, evidencing or constituting or bearing on.

**Defendant** - refers to the City of Harlingen, Texas.

**Document** - refers to all writings of every kind, source and authorship, both originals and non-identical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity. The terms shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter.

**Health care provider** - refers to any nurse, doctor, hospital, clinic, psychologist, psychiatrist, therapist, druggist, and/or chiropractor and any of their agents and employees involved in the delivery of health care services.

**Identify (With Respect to Persons)** - means to give the person's full name, present or last known address, and home and business telephone numbers and any such additional information that will facilitate communication with the person identified.

**Identify (With Respect to Documents)** means to provide the following information: (I) the type of document; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the author(s), addressee(s), and recipient(s) of the document.

**Incident** - refers to the occurrence or occurrences that serves as the basis of this lawsuit.

Defendant City's Request for Interrogatories & Request for Production    Page 4

**Parties** - refers to the "plaintiffs" and "defendants" as well as a party's full or abbreviated name or pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

**Person** - refers to any natural person or to any legal entity, whether public or private in nature.

**Related to** - means concerning, referring to, describing, evidencing or constituting or bearing on.

**You and Your** - refers to the party to whom these questions are directed as well as agents, employees, attorneys, investigators and all other "persons" acting for said party.

DEFENDANT CITY OF HARLINGEN'S
INTERROGATORIES TO PLAINTIFF CLINTON BROWN

Please respond to the following interrogatories in accordance with Federal Rule of Procedure 33.

**REQUEST FOR INTERROGATORY NO. 1:** Please identify yourself and include your date of birth, driver's license number, and social security number.

**RESPONSE:**

**REQUEST FOR INTERROGATORY NO. 2** Please provide fully and in detail your description of the occurrences made the basis of this lawsuit, including the date and time of any incident made the basis of this suit, specific location of any such incidents, identification of anyone from the CITY OF HARLINGEN who participated in any incidents made the basis of this suit, and the sequence of events, and state specifically your role in any incident made the basis of this suit.

**RESPONSE:**

**REQUEST FOR INTERROGATORY NO. 3** Identify each person whom you consulted or from whom you have sought expert advice relating to the subject matter of this litigation, if such consultant's or expert's work product, opinion, or impressions have been reviewed by an expert who is or may be called to testify as an expert witness and the substance of the work product, opinion or impressions reviewed.

**RESPONSE:**

**REQUEST FOR INTERROGATORY NO. 4** Identify any and all physical injuries or physical or emotional manifestations of injuries that you contend you suffered as a consequence of any incident made the basis of this lawsuit; please describe such injuries in detail.

**RESPONSE:**

**REQUEST FOR INTERROGATORY NO. 5** Identify all damages you are alleging to have incurred as a result of any incident made the basis of this lawsuit and with respect to each category or item of damage, specify the corresponding dollar amount you seek to recover with respect to such damages.

**RESPONSE:**

**REQUEST FOR INTERROGATORY NO. 6:** Identify all representations, statements, declarations or admissions made by the CITY OF HARLINGEN, or any agents, representatives, servants or employees of the CITY that were made to you at any time in connection with any incident that is the basis of this lawsuit ,and identify the person(s) who made such representation, statement or admission.

**RESPONSE:**

**REQUEST FOR INTERROGATORY NO. 7:** If you contend that an agent or employee of the CITY OF HARLINGEN caused or contributed to the acts and/or omissions alleged in Plaintiffs' First Amended Petition, provide the following information for each such act or omission that you allege:  a) the specific act or omission you complain of; and b) for each act, list all facts, documents and people with knowledge of relevant facts which support your contention, in whole or in part.

**RESPONSE:**

**REQUEST FOR INTERROGATORY NO. 8:** If you contend that anyone else's acts and/or omissions caused or contributed to incidents alleged in your Original Petition, provide the following information for each such act and/or omission you allege: a)the specific act or omission you complain of; and b) for each act, list all facts, documents and people with knowledge of relevant facts which support your contention, in whole or in part.

**RESPONSE:**

**REQUEST FOR INTERROGATORY NO. 9:** Identify any and all claims you have made against any insurance company, person, business, government, or association in the past ten years, other than the CITY OF HARLINGEN, which was made for the purpose of recovering money to pay your medical or health providers and/or to recover monetary amounts for injuries or property damage that you allegedly suffered as a consequence of any incident that serves as the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR INTERROGATORY NO. 10:** Identify any and all insurance agreements, including any homeowners policy, under which any person carrying on an insurance business may be liable to pay any health care providers for services rendered in connection with the injuries or any damage that you allege arose out of any incident that is the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR INTERROGATORY NO. 11:** State in reverse chronological order the following:

    a.    The name and current address of each of your employers from 1996 to the present;

    b.    The date of commencement and termination of each such source of employment;

    c.    The job title, classification or position last held at each place of employment;

    d.    The hourly rate and the average amount of your pay check or monthly salary if not paid by the hour, and tell whether you were paid weekly, semi-monthly, or monthly in each of said employment;

    e.    The name of your immediate supervisor to whom you were responsible at each place of employment listed above; and

    f.    The reason for leaving each job identified above.

    g.    If you have been self-employed during this time, state the nature of the business, what duties you performed for such business, as well as whether you paid yourself or received earnings from such business.

**RESPONSE:**

**REQUEST FOR INTERROGATORY NO. 13:** State whether or not you have been arrested and convicted for a criminal offense other than a traffic violation. If you have been arrested, state the County and State where the arrest occurred, the nature of the charge, and the disposition of the charge.

**RESPONSE:**

**REQUEST FOR INTERROGATORY NO. 14:** Please describe in detail any conversations you had with any employee, agent or representative of Defendant CITY OF HARLINGEN related to the incidents made the basis of this suit.

**RESPONSE:**

**REQUEST FOR INTERROGATORY NO.15:** Identify in detail all facts that you believe support your position that the Individual Defendants did not have probable cause to search and seize your luggage.

**RESPONSE:**

**REQUEST FOR INTERROGATORY NO. 16:** Identify in detail all facts you believe support your claim that there is an official policy, practice or custom of the CITY OF HARLINGEN regarding illegal searches and seizures, and that such has deprived persons of constitutional or other federally protected rights.

**RESPONSE:**

**REQUEST FOR INTERROGATORY NO. 17:** Please describe all facts that support your position that you have suffered emotional distress, pain and suffering or mental anguish as a result of any incident made the basis of this suit, including any symptoms or diagnosis that you have received.

**RESPONSE:**

**REQUEST FOR INTERROGATORY NO. 18:** Please describe in detail why you were carrying over $18,000 in cash at the time of the incident in question.

**RESPONSE:**

**REQUEST FOR INTERROGATORY NO. 19:** If you have been hospitalized or been treated by any health care provider for any reason in the last ten years, identify the name, address and telephone number of such medical provider who treated you, the dates you received treatment, the injury, illness or reason for treatment, and the treatment you received.

**RESPONSE:**

**REQUEST FOR INTERROGATORY NO. 20:** Please describe in detail all facts that you believe support your position that the CITY OF HARLINGEN has failed to adequately train officers in the proper methods of stops, interrogations, obtaining search warrants and searching and seizing individuals.

**RESPONSE:**

**REQUEST FOR INTERROGATORY NO. 21:** Please identify the names, addresses and telephone numbers of all health care providers who provided treatment to you for any physical injury or emotional or physical manifestations of injuries that you contend you suffered as a consequence of any incident made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR INTERROGATORY NO. 22:** Please identify all facts that support your position that the CITY OF HARLINGEN discriminated against you on the basis of race.

**RESPONSE:**

**REQUEST FOR INTERROGATORY NO. 23:** Please list all wages, earnings, and/or total and partial income you contend to have lost as a result of the incidents made the basis of this lawsuit, specifying the name of each employer and the amount of compensation received from said employer, and the number of days missed from work as a result of the incidents made the basis of this lawsuit. If you are self-employed, indicate the amount of any lost earnings or profits you allege as a result of the incidents made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR INTERROGATORY NO. 24:** Please identify all facts you believe support your claim that your Federal or Constitutional rights were violated as a result of the incidents made the basis of your suit, as well as the specific Federal or Constitutional Rights you allege were violated.

**RESPONSE:**

**REQUEST FOR INTERROGATORY NO. 25:** Please state whether the initial interview you had with the Individual Defendant Officers as well as the K-9 dog check were consensual, and if you claim either was non-consensual, state all facts that support your position.

RESPONSE:

END OF INTERROGATORIES

### DEFENDANT CITY OF HARLINGEN'S
### REQUESTS FOR PRODUCTION TO PLAINTIFF CLINTON BROWN

The following requests for production are made to you pursuant to the FED.R.CIV.P. 34. and applicable case law. Please produce the following documents and things:

**REQUEST FOR PRODUCTION NO. 1:** Any and all photographs, negatives, video tapes, motion pictures, plats, drawings, diagrams, measurements or any other written description of any of the incidents and your injuries.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:** Any and all medical and/or hospital records, reports or x-rays or other documentation regarding your medical condition and history relating to the incidents made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:** Any and all written or recorded statements of the Plaintiff or Defendants or their agents, servants, employees or other representatives regarding the incidents made the basis of this suit and alleged injuries resulting therefrom.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:** Any and all diagrams, schematics, blueprints, maps or models of the area where the incidents occurred or in any other manner pertaining to the incidents made the basis of this lawsuit and the injuries resulting therefrom.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:** All documents, reports or other written records pertaining to any investigation of the incidents.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:** Any and all documents reflecting the opinion, mental impressions, and/or subject matter on which any expert is expected to testify, as well as factual findings of any expert who may be called as a witness at the trial of this cause or, of consulting experts whose findings form the basis of the opinion of any expert who may be called as a witness at the trial of this cause.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:** Any and all documents which Plaintiff or counsel has provided to any expert witness who may be called to testify at the trial of this cause or any consulting expert whose findings form the basis of any testifying expert's opinion.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:** Any and all documents reflecting the credentials or background of any expert who may be called as a witness at the trial of this cause.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 9:** All documents demonstrating, reflecting or indicating the amount of any losses or damages claimed by you in this action, including personal injuries, compensatory damages lost wages or earnings in the past and future, property damage, mental or emotional damage, or damage to reputation.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 10:** All documents recording, reflecting or constituting any communication between you and any representative, agent or employee of the CITY OF HARLINGEN.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 11:** All reports, invoices, canceled checks, and any other documents of any health care provider evidencing, relating or referring to medical care, treatment, counseling, therapy or hospitalization obtained or received by you, including, but not limited to, care, treatment, counseling, therapy or hospitalization obtained or received by you for any injury or condition (physical and/or mental) for which you are seeking damages in this lawsuit.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 12:** All documents (including papers, books, accounts, drawings, graphs, charts, photographs, electronic or video tape recordings and other data compilations from which information can be obtained and translated, if necessary, by the person from whom production is sought, into

reasonably usable form) and any other tangible things which constitute or contain matters relevant to the subject of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:** All documents related to your response to Interrogatory No. 13.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:** Copies of all bills, statements and proof of insurance reimbursement of health care providers evidencing medical expenses incurred by you as a result of the incidents made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:** All medical records relating to any pre-existing condition of any part of Plaintiff's body or mental or emotional condition which is alleged to have been injured in or caused by any incident made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:** Your income tax returns from 1997 to present or sign the attached authorization to obtain income tax records and include your address.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:** A copy of any document reflecting prior mental or emotional distress that you allege was caused in this incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:** A copy of any document or written claim you filed for bodily injuries or property damage you filed with any entity or against any person, business or entity relating to any incident made the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:** In connection with the production of the foregoing records, please execute the attached medical authorization attached as **"Exhibit A"** to this discovery request.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20:** Any and all documents related to or in support of your claim for malicious prosecution.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21:** Any and all documents related to or in support of your claim for false imprisonment.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22** Any and all documents related to or in support of your claim for abuse of process.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23** Any and all documents related to or in support of your claim for race discrimination.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24** Any and all documents related to or in support of your claim for unreasonable search and seizure.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25** Any and all documents related to or in support of your claim for lost earnings.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26** Any and all documents related to or in support of your claim for conspiracy.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27:** Any and all medical and/or hospital records, reports or x-rays or other documentation regarding any treatment received that you identified in response to interrogatory no. 21.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28:** Any and all medical and/or hospital records, reports or x-rays or other documentation regarding any treatment or services you have received from any health care provider in the last 6 years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29:** Any and all documentation you have regarding your response to Interrogatory No. 18, including any bank receipts for deposits or withdrawals.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 30:** Copies of any reports, statements, or documents regarding any complaint, report or investigation by any Federal or State agency related to any of the incidents made the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 31:** Please execute the attached employee record authorization form.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 32** Any and all documents related to or in support of your claim for violation of your federal or constitutional rights.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 33** Any and all documents related to or in support of your claim for violation of your state constitutional rights.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 34:** Any and all documents related to an official policy, practice or custom of the City of Harlingen regarding unlawful searches and seizures or racial discrimination or profiling.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 35:** Any and all documents related to or in support of your response to Interrogatory No. 22.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 36:** Any and all documents related to or in support of your claim to have suffered emotional damage and mental anguish as a result of any incident made the basis of this suit.

Defendant City's Request for Interrogatories & Request for Production    Page 21

RESPONSE:


**REQUEST FOR PRODUCTION NO. 37:** Any and all documents related to or in support of your claim for damage to your reputation.

RESPONSE:



**END REQUESTS FOR PRODUCTION**

## VERIFICATION

STATE OF TEXAS                    §

COUNTY OF _____              §


BEFORE ME, a Notary Public for the State of Texas, personally appeared **CLINTON R. BROWN**, who after identifying himself and being duly sworn by me deposed and said that he has read the foregoing INTERROGATORIES and that his answers contained therein are based on personal knowledge and are both true and correct.


_____
CLINTON R. BROWN
PLAINTIFF


SWORN TO AND SUBSCRIBED BEFORE ME on this ____ day of _____ 200___.


_____
Notary Public, State of Texas

# EXHIBIT "A"

## Authorization for the Release of Medical Records

Patient Name:        CLINTON R. BROWN

Date of Birth:        _____

Soc. Security No.:    _____

    I, **Clinton R. Brown**, do hereby authorize and direct any physician, surgeon, hospital, medical records librarian or custodian, therapist, caretaker, or other health care provider who has examined, treated, or consulted with me, the above-referenced patient, to give to the representative of the law firm of DENTON, NAVARRO, ROCHA & BERNAL, P.C., 222 East Van Buren, Suite 405, Harlingen, Texas 78550, any and all medical and/or psychiatric records, mental health records, records identifying patient, tests and test results, HIV tests and reports, drug and/or alcohol tests and results, reports, notes (including nurses' notes), narratives, bills, invoices, x-rays, radiological films, laboratory reports, pharmacy records, insurance records, or any other documentation pertaining to the above-referenced patient's examination, treatment, hospitalization, or evaluation. This release expressly intends for the health care provider to release "confidential" information as defined by TEX. HEALTH & SAFETY CODE § 576.005, or by other Texas and/or federal law. This authorization is given for the purpose of pending litigation only.

    A photocopy of this authorization shall serve in the place and stead of the original.

 

_____

SIGNATURE

_____

Printed Name

Dated:    _____

## EMPLOYEE RECORD AUTHORIZATION

**TO:  EMPLOYERS**

    This will authorize the Custodian of Business and Employee Records of __CLINTON R. BROWN__ to give the bearer any record concerning my employment for the purpose of observation or the making of photostats thereof.


Date: _____        _____

                                    **CLINTON R. BROWN**

                                    Social Security No. _____

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CLINTON R. BROWN | § | |
|       Plaintiff | § | |
| VS | § | C.A. NO. B-02-142 |
| | § | |
| CITY OF HARLINGEN, TEXAS | § | |
| VALLEY INT'L AIRPORT | § | |
| LEONEL SILVA & | § | |
| RAMIRO MARTINEZ, ET. AL. | § | |
|       Defendants | § | |

DEFENDANT LEONEL SILVA'S
COMPREHENSIVE SET OF DISCOVERY REQUEST CONSISTING OF
INTERROGATORIES & REQUESTS FOR PRODUCTION TO PLAINTIFF
_____

TO: PLAINTIFF, CLINTON R. BROWN
By and through counsel of record:
Mr. Daniel G. Rios
LAW OFFICES OF DANIEL G. RIOS
323 Nolana Loop
McAllen, Texas 78504


COMES NOW DEFENDANT, LEONEL SILVA, and propounds upon

Plaintiff the following discovery requests, consisting of

Interrogatories and Requests for Production pursuant to Rules 33

and 34 of the Federal Rules of Civil Procedure.

SIGNED on the 31st day of December, 2002.

DENTON, NAVARRO, ROCHA & BERNAL
A Professional Corporation
Bank of America Building
222 East Van Buren, Ste. 405
Harlingen, Texas 78550
956/421-4904
956/421-3621 (Fax)

By: _____

RICARDO J. NAVARRO
State Bar No. 14829100
So. Dist. ID No. 5953
ROBERT L. DRINKARD
State Bar No. 24007128
So. Dist. ID No. 29288

## CERTIFICATE OF SERVICE

I certify that a true copy of this document has been sent by regular U.S. Mail, unless otherwise indicated, to the persons listed below on the 31st day of December, 2002.

Mr. Daniel G. Rios          **By CMRRR#: 7002 0860 0004 8101 5754**
LAW OFFICES OF DANIEL G. RIOS
323 Nolana Loop
McAllen, Texas 78504
**COUNSEL FOR PLAINTIFF**


Mr. Francisco J. Martinez
Assistant County Attorney
Office of the District Attorney
Cameron County Courthouse
974 E. Harrison
Brownsville, Texas 78520
**COUNSEL FOR CAMERON COUNTY**

_____
RICARDO J. NAVARRO
ROBERT L. DRINKARD

Defendant Silva's Request for Interrogatories & Request for Production    Page 2

## INSTRUCTIONS

1.    Pursuant to the authority granted by the Federal Rules of Civil Procedure, DEFENDANT LEONEL SILVA hereby serves upon you Defendant's Discovery Requests, consisting of Interrogatories and Requests for Production.

2.    You are to respond to these discovery requests in accordance with the Federal Rules of Civil Procedure and applicable case law.

3.    In responding to these discovery requests, furnish all information available to you including that available from your investigators, servants, agents, employees, attorneys, and all persons or entities in your company or organization or acting on your behalf or at your request or by your direction.

4.    The Interrogatories and Requests for Production which follow are considered as continuing and you are requested to provide by way of supplemental answers any additional information as you or any other person or entity acting on your behalf may hereafter obtain which will augment or otherwise modify your answers given to the Interrogatories and Requests for Production below.    A supplemental response must be served upon Defendant immediately upon learning of any new information.

5.    If you claim any privilege or immunity in connection with any of these Interrogatories or Requests for Production, state your claim in detail and provide all information that is relevant to an evaluation by the Court of the claim of privilege or immunity or to the waiver of the privilege or immunity.

## DEFINITIONS

In responding to these discovery requests, you should rely on the definitions provided below:

**City** - refers to the City of Harlingen, Texas.

**Communication** - refers to the transmission or exchange of information, regardless of its nature, and regardless of whether the communication is verbal or by some other written or recorded medium.

**Concerning** - means relating to, referring to, describing, evidencing or constituting or bearing on.

**Defendant** - refers to the City of Harlingen, Texas.

**Document** - refers to all writings of every kind, source and authorship, both originals and non-identical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity. The terms shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter.

**Health care provider** - refers to any nurse, doctor, hospital, clinic, psychologist, psychiatrist, therapist, druggist, and/or chiropractor and any of their agents and employees involved in the delivery of health care services.

**Identify (With Respect to Persons)** - means to give the person's full name, present or last known address, and home and business telephone numbers and any such additional information that will facilitate communication with the person identified.

**Identify (With Respect to Documents)** means to provide the following information: (I) the type of document; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the author(s), addressee(s), and recipient(s) of the document.

**Incident** - refers to the occurrence or occurrences that serves as the basis of this lawsuit.

Defendant Silva's Request for Interrogatories & Request for Production     Page 4

**Parties** - refers to the "plaintiffs" and "defendants" as well as a party's full or abbreviated name or pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.  This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

**Person** - refers to any natural person or to any legal entity, whether public or private in nature.

**Related to** - means concerning, referring to, describing, evidencing or constituting or bearing on.

**You and Your** - refers to the party to whom these questions are directed as well as agents, employees, attorneys, investigators and all other "persons" acting for said party.

DEFENDANT LEONEL SILVA'S
INTERROGATORIES TO PLAINTIFF CLINTON BROWN

---

Please respond to the following interrogatories in accordance with Federal Rule of Procedure 33.

**REQUEST FOR INTERROGATORY NO. 1:** Please identify yourself and include your date of birth, driver's license number, and social security number.

**RESPONSE:**

**REQUEST FOR INTERROGATORY NO. 2:** State where you were returning from via airplane at the time of this incident and the purpose of your visit there.

**RESPONSE:**

**REQUEST FOR INTERROGATORY NO. 3:** State when and on what flight you traveled to the place mentioned in the previous Interrogatory(or how you got there if you did not fly) and how long you were there before returning to the Rio Grande Valley.

**RESPONSE:**

**REQUEST FOR INTERROGATORY NO. 4:** Please describe all facts that support your position and claim for lost earnings as a result of any incident made the basis of this suit.

**RESPONSE:**

**REQUEST FOR INTERROGATORY NO. 5:** Please describe all facts that support your position that the K-9 drug dog did not alert as to narcotics in your luggage.

**RESPONSE:**

**REQUEST FOR INTERROGATORY NO. 6:** Please describe all facts that support your claim that your reputation has been damaged as a result of any incident made the basis of this suit.

**RESPONSE:**

**REQUEST FOR INTERROGATORY NO. 5:** Please describe in detail all alleged false information that you claim Defendant Silva included in his affidavit for a search warrant, as alleged in your Petition.

**RESPONSE:**

**END OF INTERROGATORIES**

## DEFENDANT LEONEL SILVA'S
## REQUESTS FOR PRODUCTION TO PLAINTIFF CLINTON BROWN

_____

The following requests for production are made to you pursuant to the FED.R.CIV.P. 34. and applicable case law. Please produce the following documents and things:

**REQUEST FOR PRODUCTION NO. 1:** All documents related to or concerning your response to Interrogatories No. 2 and 3.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:** All documents related to or concerning your response to Interrogatory No. 4.

**RESPONSE:**

## END OF REQUEST FOR PRODUCTION

## VERIFICATION

STATE OF TEXAS                §

COUNTY OF _____           §

BEFORE ME, a Notary Public for the State of Texas, personally appeared **CLINTON R. BROWN**, who after identifying himself and being duly sworn by me deposed and said that he has read the foregoing INTERROGATORIES and that his answers contained therein are based on personal knowledge and are both true and correct.


_____
CLINTON R. BROWN
PLAINTIFF


SWORN TO AND SUBSCRIBED BEFORE ME on this ____ day of _____ 200___.


_____
Notary Public, State of Texas

EXHIBIT"_____"

# DENTON, NAVARRO, ROCHA & BERNAL

A Professional Corporation

## ATTORNEYS AND COUNSELORS

| SAN ANTONIO OFFICE | Bank of America Building | LAREDO OFFICE |
|---|---|---|
| 1700 Tower Life Building | 222 East Van Buren, Suite 405 | 1102 Scott, Suite 4-B |
| 310 South St. Mary's Street | HARLINGEN, TEXAS  78550-6804 | Laredo, Texas 78040 |
| San Antonio, Texas 78205-3111 | (956) 421-4904 | (956) 726-6018 |
| (210) 227-3243 | Fax (956) 421-3621 | Fax (956) 723-1327 |
| Fax (210) 225-4481 | firm@rampage-rgv.com | |

February 10, 2003

Mr. Daniel G. Rios                                   **By First Class Mail**
Law Offices of Daniel G. Rios
323 Nolana Loop
McAllen, Texas 78504

> Re:  *Clinton R. Brown v. City of Harlingen, Texas et al*
> Cause No: B-02-142
> (S.D. Tex. - Brownsville Division)

Dear Danny:

I am writing regarding the discovery I propounded on your client some time ago which is now overdue.  We discussed this at the hearing and you indicated that you would be able to get the discovery responses to me within the next few weeks, once you got in contact with your client.

I told you I would shoot you some correspondence regarding this issue and just wanted to remind you about the discovery. Please send responses to me as soon as you are able to get together with your client

Very truly yours,

Robert Drinkard