IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CLINTON R. BROWN | § | |
|     Plaintiff | § | |
| VS | § | |
| | § | CIVIL ACTION NO. B-02-142 |
| CITY OF HARLINGEN, TEXAS | § | |
| VALLEY INT'L AIRPORT | § | |
| LEONEL SILVA & | § | |
| RAMIRO MARTINEZ, ET. AL. | § | |
|     Defendants | § | |

United States District Court
Southern District of Texas
FILED

JUN 2 7 2003

Michael N. Milby
Clerk of Court

**CITY DEFENDANTS' OBJECTIONS TO MAGISTRATE
JUDGE'S REPORT & RECOMMENDATION**

---

May it Please the Court:

    COME NOW DEFENDANTS, LEONEL SILVA and RAMIRO MARTINEZ, Individually (hereafter "CITY DEFENDANTS") and file this their objections to the Magistrate Judge's Report & Recommendation. CITY DEFENDANTS do not object to any portion of the Report & Recommendation other than those points outlined below.

### I. MAGISTRATE JUDGE'S REPORT & RECOMMENDATION

    The Magistrate Judge recommends that CITY DEFENDANT's summary judgment be denied in part and granted in part. Defendants Officers Silva and Martinez hereby offer their written objections to the portion of the Report & Recommendation adverse to the Individual CITY DEFENDANTS. Specifically, Individual CITY DEFENDANTS object to those portions of the Report & Recommendation which deny summary judgment on the issue of qualified immunity with respect to the seizure conducted in violation of Brown's Fourth Amended rights, as well as on the issue of qualified immunity with respect to racial discrimination in violation of Brown's Fourth Amended rights.

See attached Magistrate's Report & Recommendation, pp. 9-12 and 15-16.

## II. OBJECTIONS

CITY DEFENDANTS hereby object to the Magistrate Judge's recommendation that Police Officers LEONEL SILVA and RAMIRO MARTINEZ are not entitled to qualified immunity with respect to Plaintiff's claim that his person was seized in violation of the Fourth Amendment and that his Fourteenth Amendment equal protection rights were violated.

### A. RECOMMENDATION REGARDING QUALIFIED IMMUNITY WITH RESPECT TO FOURTH AMENDMENT VIOLATION

With respect to that component of the Report & Recommendation denying qualified immunity on Plaintiff's Fourth Amendment seizure claim, CITY DEFENDANTS' object to the findings by the Magistrate that the initial encounter was not a consensual encounter, as the Plaintiff's affidavit raises no fact issue as to whether the officers reasonably believed they were engaging the Plaintiff in anything more than a consensual interview.

DEFENDANTS SILVA and MARTINEZ object to the finding by the Magistrate that the initial encounter was an investigative stop, as opposed to a consensual encounter, and object to the subsequent finding that the officers needed reasonable suspicion in order to approach the Plaintiff. Viewing the evidence in the light most favorable to the Plaintiff, the most the Magistrate could have found is that the evidence raises a fact issue with respect to the issue of whether the initial encounter was merely consensual, to preclude the granting of summary judgment in the INDIVIDUAL DEFENDANT's favor on the qualified immunity issue. However, to the extent that the Magistrate went beyond merely determining there was a fact issue, and actually made a

conclusive affirmative finding that this stop was an investigative stop, the CITY DEFENDANTS hereby object to that component of the Report & Recommendation.

Additionally, CITY DEFENDANTS object to the extent that Plaintiff's assertion in his affidavit that he felt he was not free to leave does not establish such as being a reasonable belief and raises no fact issue as to whether the encounter was consensual. Plaintiff offers no evidence or reason why he felt he was not free to leave, and offers nothing in the nature of evidence to establish that any belief that he was not free to leave was reasonable in light of these circumstances.

Additionally, CITY DEFENDANTS intend to file a renewed dispositive motion, either in the nature of a supplemental motion, or a new motion altogether, based on new summary judgment evidence developed after the initial dispositive motions were filed. This new evidence, which consists of Plaintiff's own deposition, bears on the proper characterization, for purposes of law and fact, of the initial stop.[1]

### B. RECOMMENDATION REGARDING QUALIFIED IMMUNITY WITH RESPECT TO FOURTEENTH AMENDMENT VIOLATION

Additionally, DEFENDANTS object to the Magistrate's Report to the extent it denies summary judgment on the basis of qualified immunity with respect to Plaintiff's Fourteenth Amendment Equal Protection claim.

---

[1] After the initial hearings on dispositive motions, the parties agreed to exchange deposition discovery. City Defendants offered to waive their privilege against engaging in discovery, so long as Plaintiff understood that the assertion of qualified immunity was not so waived. City Defendants took the deposition of Plaintiff. Plaintiff has yet to take the deposition of the Individual CITY DEFENDANTS.

CITY DEFENDANTS object to the Report & Recommendation to the extent it goes to far in its ruling. The Magistrate Report makes a determination, as a matter of law, that the CITY DEFENDANTS violated Plaintiff's Fourteenth Amendment rights. However, viewing the evidence in the light most favorable to the Plaintiff, the most the Magistrate could have ruled, in reliance on the pleadings and motions, is that the record evidence raises a fact issue to preclude the granting of summary judgment favorable to the CITY DEFENDANTS based on qualified immunity.

Instead, the Magistrate proceeds to make legal and factual determinations that CITY DEFENDANTS' violated Plaintiff's Fourteenth Amendment rights, that the officers did not have any race-neutral reasons for approaching Brown, and that the officers conducted disparate treatment based on race. However the only issue to be ruled upon by the Magistrate is the summary judgment requests on qualified immunity by the CITY DEFENDANTS.

CITY DEFENDANTS are obviously entitled to proceed beyond summary judgment on these fact and legal issues the Magistrate purports to determine, particularly given the fact that the Plaintiff has himself no summary judgment motion, or evidence in support thereof, on file. In the event the Magistrate determines that the evidence raises a fact issue, then the matter should proceed forward to trial. However, no finding that Plaintiff's Fourteenth Amendment rights were violated, that the officers had no reason other than race to approach Plaintiff, or that the officers engaged in disparate treatment based on race should have been issued by the Magistrate Judge on a qualified immunity Summary Judgment motion by Defendants.

Additionally, the Magistrate, in his Report regarding qualified immunity with respect to the Plaintiff's Fourteenth Amendment claim, characterizes the consensual encounter as a

"detention." CITY DEFENDANTS object to such characterization as not being established by law or the evidence. DEFENDANTS also object to the applicability of the caselaw cited by the Magistrate in support of the finding regarding consensual interviews and race as a factor.

CITY DEFENDANTS would further point out that with respect to the Magistrate's opinions regarding the officer's reasons for approaching Plaintiff, Plaintiff has no evidence showing that he was stopped solely on the basis of his race or that race played a part at all in the approaching of Plaintiff. Further, evidence attached to the CITY DEFENDANTS' Motion for Summary Judgment in the nature of police reports and officers' affidavits in support of search warrant, details behavior exhibited by Plaintiff after exiting the plane and picking up his luggage, which includes walking in and out of the terminal on several occasions and placing calls on his cellular phone, indicating other reasons the Officers may have approached Plaintiff. Of particular importance, nowhere in the police reports or warrant supporting information does it indicate that DEFENDANTS approached Plaintiff based on his race. Given the officers' mandate to observe persons behavior in the airport, a reasonable officer in this situation would have approached Plaintiff for a simple consensual encounter.

Thus to the extent laid out above, DEFENDANTS, OFFICERS SILVA and MARTINEZ object to the findings and recommendations of the Magistrate, as they are entitled to qualified immunity from all claims, and as there is no genuine issue of material fact with respect to the claims against them.

## CONCLUSION & PRAYER

THEREFORE, CITY DEFENDANTS hereby object to the Magistrate's Report and Recommendation to the extent it recommends denial of summary judgment in favor of Defendants Silva and Martinez as to qualified immunity with respect to his Fourth Amendment claims regarding the initial stop of Plaintiff and with respect to Plaintiff's Fourteenth Amendment equal protection claims and urge the Court to grant summary judgment as to these issues in favor of Defendants Silva and Martinez.

CITY DEFENDANTS continue to request that upon final hearing of this case, that all relief sought by Plaintiff be denied, that a take nothing judgment against Plaintiff be entered.

Finally, CITY DEFENDANTS request any other additional and further relief, at law or in equity, to which they may be entitled.

SIGNED on the __27TH__ day of June, 2003.

Respectfully Submitted,

**DENTON, NAVARRO, ROCHA & BERNAL**
A Professional Corporation
Bank of America Building
222 E. Van Buren, Suite 405
Harlingen, Texas 78550
956/421-4904
956/421-3621 (Fax)

By: _____
RICARDO J. NAVARRO
Attorney In Charge
State Bar No. 14829100
So. Dist. ID No. 5953
ROBERT DRINKARD
State Bar No. 24007128
Fed. Dist. No. 29288

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of this document has been sent by Regular U. S. Mail, postage prepaid, unless otherwise indicated, to the person(s) listed below on this 27th day of June, 2003.

Daniel G. Rios .                    **By CMRRR: 7002 0860 0004 8101 8885**
LAW OFFICES OF DANIEL G. RIOS, P.C.
323 Nolana Loop
McAllen, Texas 78504
COUNSEL FOR PLAINTIFF

Francisco Rios
Assistant County Attorney
Cameron County Courthouse
974 East Harrison Street
Brownsville, Texas 78520
COUNSEL FOR CAMERON COUNTY

_____
RICARDO J. NAVARRO
ROBERT DRINKARD