United States District Court
Southern District of Texas
FILED

AUG 1 4 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

AUG 1 5 2003

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| CLINTON R. BROWN | § | |
| | § | |
| VS. | § | CIVIL NO. B-02-142 |
| | § | |
| CITY OF HARLINGEN, | § | |
| VALLEY INTERNATIONAL AIRPORT, | § | |
| CAMERON COUNTY, LEONEL SILVA, | § | |
| and RAMIRO MARTINEZ | § | |

**ORDER**

On the 2nd day of July, 2003, the City Defendants (Leonel Silva and Ramiro Martinez) filed

their Motion to Reconsider the Magistrate's Report and Recommendation. Local Rules 7.3 and 7.4

of the Southern District of Texas state that a motion will be submitted to the judge twenty days after

filing (July 22, 2003 in this case) and that the failure to respond will be taken "as a representation

of no opposition." Rule 7.4(a) plainly states that such responses must be filed by the submission date

(or in this case July 22, 2003).

No response to the motion by the City Defendants was filed by July 22, 2003. Indeed, no

response to the motion has ever been filed. Consequently, this motion pursuant to the Rules is

unopposed. That being the case, this Court hereby grants the City Defendants' motion to reconsider

and grants their summary judgment with respect to the issues of qualified immunity regarding

Plaintiff's Fourth Amendment seizure claim and Fourteenth Amendment equal protection claim.

City Defendants also filed on June 27, 2003 (within 10 days of the Report and

Recommendation) objections to the report made by the Magistrate Judge. Plaintiff had ten days to

respond to these objections—although he is not required to by Rule 72, Fed.R.Civ.P. No response

was filed. While the rules permit no response to be filed to the Objections, it is clear that the intent of the City Defendants subsequent motion was to effectuate a granting of their summary judgment motion. They even attached additional deposition excerpts. Rule 56 clearly indicates that if the adverse party does not respond the summary judgment will be entered if appropriate. *Cf. John v. State of Louisiana*, 757 F.2d 698 (5th Cir. 1985). This Court finds it to be appropriate in this case. Consequently, if this motion is to be construed as a Motion for Summary Judgment as opposed to a Motion to Reconsider, this Court finds the evidence to support the granting of the summary judgment and grants same.

This order does not affect any other rulings made by the Magistrate Judge in his June 20, 2003 Report and Recommendation. With the exception of the rulings made herein with respect to the City Defendants that Report and Recommendation is hereby adopted. This order has the effect of a granting of the summary judgment filed by the City Defendants on December 30, 2002, and should be considered as disposing of that motion.

All relief not granted above or by the Magistrate Judge's Report and Recommendation is denied and any other outstanding motions are also hereby denied.

Signed this 14th day of August, 2003.

_____
Honorable Andrew S. Hanen
United States District Judge